Dennis L. O'CONNOR, Plaintiff,

v.

STATE OF NEVADA et al., Defendants.

Civ. No. LV 80–76 RDF.

United States District Court,
D. Nevada.

Jan. 26, 1981.

Dennis L. O'Connor, in pro. per.

Roger L. Erickson, Erickson, Thorpe, Swainston & Cobb, Ltd., Reno, Nev., for defendants State of Nevada and accomplices: City of Fallon, Mayor Merton Domonske, City Atty., Mario Recanzone, Asst. City Atty., John Diehl, Councilmen, Jack Franks, Richard Graham, Harold Rogers, City Clerk, Leroy Getchell, Municipal Court Judge, Bill Teurman, Chief of Police, Don Mills, Officers Dale Carr, Stanley Snodgrass, Alva Case and Terry Shoenfeldt, Dist. Atty., Churchill County, John Hill.

John R. McCormick, Fallon, Nev., for defendant Third Judicial Dist.

Donald Klasic, Deputy Atty. Gen., Carson City, Nev., for defendant Nevada Supreme Court.

Eleissa C. Lavelle, Las Vegas, Nev., for defendant Nevada State Bar and its Disciplinary Bd.

## ORDER RE MOTIONS

ROGER D. FOLEY, District Judge.

Plaintiff's pro se complaint alleges that various agencies and public officials of the State of Nevada, the City of Fallon, and Churchill County violated his constitutional rights. Jurisdiction of this Court arises under Title 28, U.S.C., § 1331 and Title 28, U.S.C., § 1343. Plaintiff institutes this action under Title 42, U.S.C., §§ 1983, 1985 and 1986, and Article I, Section 9, and the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

## MOTIONS BEFORE THIS COURT

Defendants State Bar of Nevada, the Nevada Supreme Court, the Third Judicial District Court of Nevada, Churchill County District Attorney John Hill, and Fallon Municipal Court Judge William Teurman filed motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Defendant State of Nevada filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and Rule 12(b)(6), FRCP. Plaintiff filed a motion to strike defendant State of Nevada's motion to dismiss.

Defendants Nevada Supreme Court, the Third Judicial District Court, and the State Bar of Nevada have also filed motions for a protective order to stay discovery. In return, the plaintiff has filed a motion to compel responses to interrogatories from defendants Nevada Supreme Court, the Third Judicial District Court, and the State Bar of Nevada. Plaintiff has also filed a motion to enlarge the time for notice of discovery.

This Court recognizes that pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), reh. denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1973). Also, that pleadings in civil rights suits are to be liberally construed. *Roberts v. Acres,* 495 F.2d 57 (7th Cir. 1974). This Court will not give a complete factual summary because not all of the defendants have filed motions with this Court. Instead, the relevant alleged facts will be given concerning each motion.

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT STATE OF NEVADA'S MOTION TO DISMISS

The plaintiff moved, pursuant to Rule 12(f) and Rule 8, FRCP, to strike defendant State of Nevada's motion to dis-

miss allegedly because the case authority relied upon by the State of Nevada to support its motion had recently been overturned by the United States Supreme Court. However, a Rule 12(f) motion to strike only concerns striking matters from pleadings and a motion to dismiss is not a pleading. Cf. *Hanraty v. Ostertag*, 470 F.2d 1096 (10th Cir. 1972); Rule 7(a), FRCP. Therefore, the plaintiff's motion to strike is hereby denied.

### MOTION TO DISMISS FILED BY DEFENDANT STATE OF NEVADA

■ Plaintiff alleges that defendant State of Nevada denied him his rights under the Seventh and Fourteenth Amendments by requiring a deposit for a civil jury trial pursuant to Rule 38 of the Nevada Rules of Civil Procedure. Plaintiff prays for an order to show cause why the State of Nevada should not honor the Seventh Amendment to the United States Constitution and for $500,000 in general damages and $500,000 in punitive damages. Defendant State of Nevada moves for dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

It is a basic tenet of constitutional law that the Seventh Amendment guaranty of a jury trial in civil cases is not an element of due process applicable to the state courts through the Fourteenth Amendment. *Woods v. Holy Cross Hospital*, 591 F.2d 1164 at 1171, n.12 (5th Cir. 1979); *Olesen v. Trust Company of Chicago*, 245 F.2d 522 (7th Cir. 1957). The motion to dismiss of the State of Nevada is hereby granted.

### MOTION TO DISMISS FILED BY DEFENDANT JUDGE WILLIAM TEURMAN

Plaintiff alleges in his fourth, fifth, eighth and tenth causes of action that Judge William Teurman conspired with the City of Fallon and the Third District Court to deny him his Sixth, Eighth, Fourth and Fourteenth Amendment rights. Plaintiff prays for a judgment of $500,000 in general damages and $500,000 in punitive damages.

The factual basis for his claims is somewhat confusing. Plaintiff was apparently arrested on August 2, 1978, by police officers of the City of Fallon. Plaintiff was later convicted in Fallon Municipal Court where Judge Teurman was presiding. Plaintiff exercised his right of appeal by having a trial de novo in the Third District Court. NRS 177.015. Plaintiff alleges that his constitutional rights were violated when Judge Teurman appeared as a witness for the prosecution.

■ Judge Teurman filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), FRCP. Courts have held that witnesses in state judicial proceedings are to be given absolute immunity from suits under the Civil Rights Acts or under a *Bivens* type remedy.[1] *Myers v. Bull*, 599 F.2d 863 (8th Cir. 1979), cert. denied, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1980); *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978); *Burke v. Miller*, 580 F.2d 108, 109–10 (4th Cir. 1978); *Taylor v. Nichols*, 558 F.2d 561, 564 (10th Cir. 1977); *Brawer v. Horowitz*, 535 F.2d 830, 836–37 (3rd Cir. 1976). Therefore, defendant Judge Tuerman's motion to dismiss is hereby granted.

### DEFENDANT JOHN HILL'S MOTION TO DISMISS

Plaintiff alleges that Churchill County District Attorney John Hill wilfully and negligently failed to investigate two criminal complaints filed by the plaintiff and his wife against the Fallon City Attorney and the stenographer of the Third District Court of Nevada for obstruction of justice. Plaintiff alleges that John Hill is conspiring to deny plaintiff his Fourteenth Amendment right to due process and equal protection of the laws. Plaintiff prays for $500,000 in general damages, $500,000 in punitive damages, and an order to show cause

1. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

why the District Attorney should not conduct an investigation of the charges filed by the plaintiff. Defendant District Attorney John Hill filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), FRCP.

 It has long been held that a prosecutor is absolutely immune from civil rights suits for activities allegedly committed while in the course and scope of his employment and duties as a prosecuting attorney. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The question of whether the failure to initiate prosecution could lead to award of damages in a civil rights action was specifically addressed in *Raitport v. Provident Nat. Bank,* 451 F.Supp. 522, 528 (E.D.Pa.1978). The Court held:

"[T]hat the decision to approve or disapprove a private criminal complaint fits squarely within the broader function of 'initiating a prosecution,' and therefore it cannot subject a prosecutor to civil liability for damages under section 1983 . . . . It would be anomalous to hold that because *Imbler* spoke only of 'initiating a prosecution,' the prosecutor who approves a complaint is immune while the prosecutor who disapproves a complaint is subject to civil liability for damages. . . . Just as the prosecutor who initiates a criminal case requires protection from the defendant who 'transform[s] his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.' *Imbler,* supra, 424 U.S. at 425, 96 S.Ct. at 992, so the prosecutor who concludes that prosecution is unwarranted requires protection from the complainant whose excessive zeal for invoking the criminal process blinds him to any aspects of the case that counsel against prosecution." Id.

Therefore, plaintiff's civil rights claims against District Attorney John Hill are dismissed as to damages.

The prayer for equitable relief presents a more difficult question. It has long been held that prosecutors are natural targets for injunctive suits since they are state officers who are threatening to enforce and who are enforcing the law. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Boyd v. Adams,* 513 F.2d 83 (7th Cir. 1975). However, this case does not involve a situation in which a prosecutor is threatening to enforce an unconstitutional statute. Instead, the plaintiff is asking this Court to order the Churchill County District Attorney to conduct an investigation.

 It has been held that federal district courts cannot order a United States Attorney to conduct an investigation or initiate a prosecution because it would violate the doctrine of separation of powers. *Ross v. United States Attorney's Office,* 511 F.2d 524 (9th Cir. 1975), cert. denied, 423 U.S. 831, 96 S.Ct. 52, 46 L.Ed.2d 49 (1975); *Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375 (2nd Cir. 1975); *United States v. Cox,* 342 F.2d 167 (5th Cir. 1965), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). The same considerations would seem to apply to this Court's power to order a district attorney to conduct an investigation under the doctrine of federalism. This matter was addressed in the case of *Inmates of Attica Correctional Facility v. Rockefeller,* supra. In *Attica,* a civil rights action was instituted in order to compel federal and state officials to investigate and prosecute persons who allegedly violated certain federal and state criminal statutes. The Court granted the defendants' motion to dismiss under Rule 12(b)(6), FRCP. The Court stated:

"In the absence of statutorily defined standards governing reviewability, or regulatory or statutory policies of prosecution, the problems inherent in the task of supervising prosecutorial decisions do not lend themselves to resolution by the judiciary. The reviewing courts would be placed in the undesirable and injudicious posture of becoming 'superprosecutors.' . . . . Such interference with the normal operations of criminal investigations, in turn, based solely upon allegations of criminal conduct, raises serious questions of potential abuse by persons seeking to

have other persons prosecuted." Id. at 380.

For these reasons, then, the defendant District Attorney John Hill's motion to dismiss is also granted as to the claim for equitable relief.

## MOTIONS TO DISMISS FILED BY THE STATE BAR OF NEVADA AND THE NEVADA SUPREME COURT

Plaintiff alleges in his twelfth cause of action that the State Bar of Nevada and the Nevada Supreme Court denied the plaintiff due process and equal protection of the law under the Fourteenth Amendment because they allegedly failed to investigate certain complaints that the plaintiff filed. The factual basis of the allegations is unclear from the plaintiff's complaint. Plaintiff prays for $500,000 in general damages, $500,000 in punitive damages, and an order to show cause why the defendants should not conduct an investigation. Defendant State Bar of Nevada filed a motion to dismiss pursuant to Rule 12(b)(6), FRCP. Defendant Supreme Court of Nevada has also filed a motion to dismiss pursuant to Rule 12(b)(6), FRCP, and a motion to quash service pursuant to Rule 12(b)(5).

The State Bar of Nevada is the investigative arm of the Nevada Supreme Court charged with investigating and disciplining the legal profession in Nevada. NSCR 76 et seq. It has long been held that a state bar association, as an agency of the state, is not a "person" under the Civil Rights Acts § 1983 et seq. *Clark v. Washington*, 366 F.2d 678 (9th Cir. 1966); *Coopersmith v. Supreme Court, Colorado*, 465 F.2d 993 (10th Cir. 1972); *Silverton v. Department of Treasury*, 449 F.Supp. 1004 (C.D.Cal.1978); cf. *Saier v. State Bar of Michigan*, 293 F.2d 756 (6th Cir. 1961), cert. denied, 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343 (1961). The Supreme Court of Nevada is a part of the Judicial Branch of the State of Nevada and is created by the Nevada Constitution, article 6. It has also been held that the courts of a state are not "persons" subject to suit under Title 42, U.S.C., § 1983 et seq. *Coopersmith v. Su-*

*preme Court, Colorado*, 465 F.2d 993 (10th Cir. 1972); *Harris v. Louisiana State Supreme Court*, 334 F.Supp. 1289 (E.D.La. 1971); *Fox v. Juvenile Court*, 321 F.Supp. 67 (E.D.Pa.1970). The United States Supreme Court has recently ruled that municipalities are "persons" subject to suit under the Civil Rights Acts. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1979). However, the Supreme Court has specifically reasserted its position that the State and its agencies are not "persons" subject to suit under the Civil Rights Acts. *Quern v. Jordan*, 440 U.S. 332, 338–40, 99 S.Ct. 1139, 1143–45, 59 L.Ed.2d 358, 365–66 (1979); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114, 1116 (1978). Therefore, plaintiff's claims under the Civil Rights Acts are dismissed.

However, plaintiff has also asserted Title 28, U.S.C., § 1331 as a jurisdictional basis for this suit. Defendants State Bar of Nevada and the Nevada Supreme Court argue that the Eleventh Amendment bars the plaintiff's claims for damages and injunctive relief. It is clear that under the Eleventh Amendment a state or its agencies cannot be sued without their consent. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114, 1116 (1978); *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Mills Music, Inc. v. Arizona*, 591 F.2d 1278 (9th Cir. 1979). Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment, NRS 41.031(3). In *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), it was held that suits against state officials to enjoin violations of constitutional rights were not forbidden by the Eleventh Amendment. See *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Jacobson v. Tahoe Regional Planning Agency*, 566 F.2d 1353 (9th Cir. 1977). The State Bar of Nevada and the Nevada Supreme Court, however, are not state officials but are arms of the state itself. It is this Court's opinion that the State Bar of Nevada and the Nevada Supreme Court do not fall within the exception stated in *Ex Parte Young*, supra, and are accordingly dismissed from the suit.

## MOTION TO DISMISS ON BEHALF OF THIRD JUDICIAL DISTRICT COURT OF NEVADA

Plaintiff alleges that the defendant Third Judicial District Court violated plaintiff's civil rights as set forth in Title 42, U.S.C., §§ 1983, 1985 and 1986, and the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. The alleged violations are said to have occurred when plaintiff had a trial de novo in the Third District Court concerning his conviction in the municipal court. Plaintiff alleges that there was malicious prosecution because of a conflict of interest on the part of the prosecutor, that he was denied his right to confront witnesses when Judge William Teurman testified and that he was found guilty under an ordinance which had not yet been adopted. Plaintiff also alleges that the Court allowed the transcript to be altered in another civil trial to which he was a party and that the Court improperly granted summary judgment in still another civil action. Again, the factual basis for these allegations is unclear. Plaintiff prays for $500,000 in general damages, $500,000 in punitive damages, and an order expunging plaintiff's criminal conviction and returning his fine, plus interest. Defendant Third Judicial District Court has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), FRCP.

 The Third Judicial District Court, a part of the Judicial Branch of the state, is also a creature of the Nevada Constitution, article 6. Neither a state or its agencies are "persons" subject to suit under the Civil Rights Acts. *Quern v. Jordan,* supra; *Alabama v. Pugh,* supra; *Coopersmith v. Supreme Court,* supra; *Quadra v. Superior Court of San Francisco,* 378 F.Supp. 605 (N.D.Cal.1974). Therefore, plaintiff's claims under the Civil Rights Acts are dismissed.

Plaintiff also has asserted Title 28, U.S.C., § 1331 as a jurisdictional basis for this suit.

For the same reasons given above as to the State Bar of Nevada and the Nevada Supreme Court, this motion to dismiss is granted.

## PLAINTIFF'S MOTION TO ENLARGE TIME FOR COMPLETION OF DISCOVERY

Plaintiff filed a motion to enlarge the time for completion of discovery. The original date set for such discovery was July 6, 1980. Plaintiff requested this Court to extend that time an additional six months or until January 6, 1981. The defendants have not filed a responsive memorandum in opposition to this motion as required by Local Rule 16(c). For this reason, plus the multiplicity of defendants, this Court grants the plaintiff's motion and the new date for completion of discovery to April 1, 1981.

## DISCOVERY MOTIONS

Since this Court has dismissed the State Bar of Nevada and the Nevada Supreme Court from this action, the defendants' motions for a protective order and the plaintiff's motion to compel responses to interrogatories are rendered moot.

Since this Court has dismissed the Third Judicial District Court of Nevada from this action, the defendant's motion for a protective order and the plaintiff's motion to compel responses to interrogatories are rendered moot.