Dennis O'CONNOR, Plaintiff-Appellant,

v.

STATE OF NEVADA, et al.,
Defendants-Appellees.

No. 81-5423.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1982.

Decided Aug. 24, 1982.

Certiorari Denied Dec. 6, 1982.
See 103 S.Ct. 491.

Dennis L. O'Connor, in pro. per.

Roger L. Erickson, William E. Isaeff, Deputy Atty. Gen., Carson City, Nev., argued, for defendants-appellees; John R. McCormick, Fallon, Nev., Erickson, Thorpe, Swainston & Cobb, Ltd., Reno, Nev., on brief.

Before WALLACE and CANBY, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

O'Connor appeals a dismissal of his civil rights actions brought against the State of Nevada, several of its agencies, Churchill County District Attorney Hill, and Fallon Municipal Court Judge Teurman. O'Connor alleged various violations of his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, as well as various constitutional amendments and provisions. The district court granted motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) as to all defendants. The essential facts can be found in the district court's opinion.

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

*O'Connor v. State of Nevada,* 507 F.Supp. 546 (D.Nev.1981) (*O'Connor*). We affirm.

As to the dismissal of suit against Judge Teurman and District Attorney Hill, we agree with the district court that Judge Teurman, as a witness in a state judicial proceeding, and District Attorney Hill, as a state prosecutor, are both absolutely immune from civil rights suits. *O'Connor, supra,* 507 F.Supp. at 548–50. O'Connor also suggests that besides Judge Teurman's participation as a witness in the state judicial proceeding, his handling of O'Connor's prior municipal court action violated his constitutional rights. Clearly, though, Judge Teurman is immune from civil rights suits for judicial acts not taken in the absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978); *Rankin v. Howard,* 633 F.2d 844, 847 (9th Cir. 1980), *cert. denied,* 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981).

O'Connor alleged that the State of Nevada denied him his rights under the seventh and fourteenth amendments by requiring a deposit for a civil jury trial pursuant to Rule 38 of the Nevada Rules of Civil Procedure. O'Connor sought injunctive relief and damages for these alleged constitutional violations. The district judge dismissed the action on the basis that the seventh amendment right to jury trial in civil cases does not apply in state court. *O'Connor, supra,* 507 F.Supp. at 548.

It was error for the district court to decide this issue. It is clear that under the eleventh amendment a state or its agencies cannot be sued in federal court without its consent. *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978); *Mills Music, Inc. v. Arizona,* 591 F.2d 1278 (9th Cir. 1979). Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment. Nev. Rev.Stat. § 41.031(3). The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states. *Quern v. Jordan,* 440 U.S. 332, 338–41, 99 S.Ct. 1139, 1144–1145, 59 L.Ed.2d 358 (1979).

The district court should have dismissed the claims against the State on the basis of the eleventh amendment.

The district court also granted a motion to dismiss on behalf of the State Bar of Nevada. The district court reasoned that the state bar is the investigative arm of the Supreme Court of Nevada, charged with investigating and disciplining the legal profession of the state, and as such an agency, it too is immune from suit in federal court under the eleventh amendment. *O'Connor, supra,* 507 F.Supp. at 550. We agree. *Ginter v. State Bar of Nevada,* 625 F.2d 829 (9th Cir. 1980) (per curiam).

The Supreme Court of Nevada and the Third Judicial District Court of Nevada, as agencies of the state, were also properly dismissed from suit on eleventh amendment grounds. *O'Connor, supra,* 507 F.Supp. at 550–51.

AFFIRMED.