PRODUCTION & LEASING, LTD., a Nevada corporation, Plaintiff-Appellant,

v.

HOTEL CONQUISTADOR, INC., a Nevada corporation, dba Tropicana Hotel and Country Club, et al., Defendants-Appellees.

No. 82–5769.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1983.

Decided April 5, 1983.

Thomas F. Pitaro, Las Vegas, Nev., for plaintiff-appellant.

John A. Godfrey, Deputy Atty. Gen., Las Vegas, Nev., for defendants-appellees.

Before MERRILL, CHOY, and SNEED, Circuit Judges.

PER CURIAM:

Appellant seeks civil damages pursuant to 42 U.S.C. §§ 1983, 1985(3) and 18 U.S.C. § 1964(c), from, among others, the Nevada Gaming Commission, the Nevada Gaming Control Board, and named members past and present of each entity. The district court granted the state defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. We affirm.

Federal courts are without jurisdiction to entertain suits seeking civil damages against a state. *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979). "Where the state is in fact the real party in interest this bar cannot be circumvented by naming an individual state official or state agency as a nominal defendant." *Ronwin v. Shapiro,* 657 F.2d 1071, 1073 (9th Cir.1981). And while a state may waive its Eleventh Amendment immunity by explicitly consenting to the suit, Nevada has not so consented. *O'Connor v. Nevada,* 686 F.2d 749, 750 (9th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

The district court correctly held that both the Commission and the Board enjoy Eleventh Amendment immunity in these

proceedings. *Accord Rosenthal v. Nevada,* 514 F.Supp. 907, 913 (D.Nev.1981). Such a result is compelled by prior decisions of this court. *E.g., O'Connor v. Nevada,* 686 F.2d at 750 (State Bar of Nevada); *Ronwin v. Shapiro,* 657 F.2d at 1073 (Arizona Board of Regents).

As to the past and present members of the Board and Commission, dismissal by the district court was on the ground that as state officials each enjoyed absolute immunity from suits for civil damages. We need not reach that issue, however, because "Eleventh Amendment immunity extends to actions against state officers sued in their official capacities." *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir.1982). Here, the record shows that the individual state defendants were sued in their official capacities.

In *Jackson* we affirmed a district court holding that a university president and two university trustees were before the court only in their official capacities. *Id.* As in that case, here the state gaming officials were neither named in their individual capacities nor personally served. We conclude, therefore, that they are nominal defendants only. *See id.* at 1348. The State of Nevada is the real party in interest. Thus, this suit is barred by the Eleventh Amendment.

We also agree with the district court that dismissal was appropriate for the additional reason that the complaint fails to state a cause of action under any federal statute. Appellant argues that "but for" the gaming officials' interference appellant would not have been deprived without compensation of its interest in Folies Bergere. We conclude, for the reasons given by the district court, that this allegation, even if proved, does not state a federal cause of action. As such, subject matter jurisdiction does not exist and the district court's dismissal was proper.

AFFIRMED.