**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MATLEAN,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>RONALD P. PIERINI; et al.,<br><br>        Defendants - Appellees. | No. 10-16558<br><br>D.C. No. 3:09-cv-00063-LRH-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

David Matlean appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action arising out of a traffic stop. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Luchtel v. Hagemann*, 623 F.3d 975, 978 (9th

Cir. 2010) (summary judgment); *Cholla Ready Mix., Inc. v. Civish*, 382 F.3d 969,

_____

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

973 (9th Cir. 2004) (Eleventh Amendment immunity). We affirm.

The district court properly dismissed Matlean's claims against the State of Nevada under the Eleventh Amendment. *See O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (per curiam) (Eleventh Amendment bars federal suit against a state without its consent).

The district court properly granted summary judgment on Matlean's claims against the remaining defendants because Matlean failed to raise a genuine dispute of material fact as to whether defendants violated his constitutional rights by allegedly failing to obtain certain bonds required by Nevada law. *See Villegas v. City of Gilroy*, 484 F.3d 1136, 1139 (9th Cir. 2007) (under § 1983, the plaintiff must show that he has been deprived of a right secured by the Constitution); *see also* Nev. Rev. Stat. § 282.163 ("A blanket fidelity bond or blanket position bond may be furnished at county expense for all elected officers except the county treasurer.").

Matlean's remaining contentions are unpersuasive.

**AFFIRMED.**