**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTORIA GIAMPA, | No. 13-15882 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01145-LRH-VCF |
| v. | |
| BRYCE C. DUCKWORTH, Attorney, individually and professionally; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Victoria Giampa appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging various federal and state law

claims stemming from divorce and custody proceedings, and its order deeming her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a vexatious litigant. We review de novo the district court's dismissal for failure to state a claim, *United States v. Corinthian Colleges*, 655 F.3d 984, 991, 995 (9th Cir. 2011), and for an abuse of discretion the district court's vexatious litigant order, *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Giampa's claims against the judges, court clerks, state agencies, and prosecutors because those defendants are immune from liability. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (prosecutors); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (judges); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks); *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (per curiam) (state agencies).

The district court properly dismissed the claims against Giampa's ex-husband, his attorney, the attorney's firm, and the psychiatrist because Giampa failed to allege facts sufficient to show that they are private parties acting under color of state law, and thus subject to liability under § 1983. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149-50 (9th Cir. 2011) (setting forth elements of § 1983 claim and describing instances in which a private actor's conduct constitutes state action).

The district court properly dismissed Giampa's §§ 1985 and 1986 claims because Giampa failed to allege facts sufficient to show membership in a protected class. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (elements of § 1985 claim); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1998) (claim can be stated under § 1986 only if complaint states valid claim under § 1985).

Dismissal of Giampa's claim against Clark County was proper because the County may not be held vicariously liable for the unconstitutional acts of their employees under the theory of respondeat superior. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978).   Moreover, to the extent that Giampa claims that the clerks refused to accept her filings because the state courts had declared her a vexatious litigant, her claims against the County represent a collateral challenge to the state court's vexatious litigant orders, which is barred by the *Rooker Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Giampa's state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related

state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying leave to amend because amendment would be futile. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010).

The district court did not abuse its discretion by declaring Giampa a vexatious litigant and imposing a pre-filing restriction against her because the court gave Giampa notice and an opportunity to be heard, developed an adequate record for review, made findings regarding her frivolous litigation history, and tailored the restriction narrowly. *See De Long*, 912 F.2d at 1147-48 (discussing four factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant).

**AFFIRMED.**

13-15882