**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM BRECK,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>ROGER DOYLE; DAVID CLARK; PATRICK KING; J. THOMAS SUSICH; LAURA PETERS; KIMBERLY FARMER; KATHLEEN BRECKENRIDGE; CAREN JENKINS; MONICA CAFFARATTI; STATE BAR OF NEVADA; STATE OF NEVADA; SUPREME COURT OF THE STATE OF NEVADA,<br><br>       Defendants-Appellees. | No.   18-15319<br><br>D.C. No.<br>3:12-cv-00649-MMD-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted October 23, 2019
San Francisco, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BYBEE, N.R. SMITH, and COLLINS, Circuit Judges.[1]

William Breck filed a second amended complaint under 42 U.S.C. § 1983 against two sets of defendants.  The first set—the Institutional Defendants—consists of the State of Nevada, the Nevada Supreme Court, and the State Bar of Nevada ("SBN").  The second set—the Individual Defendants—consists of nine individuals who participated in Breck's disciplinary proceedings before the SBN.  The district court found that all defendants were immune from suit and dismissed Breck's complaint.  Breck appeals.  Because the parties are familiar with the facts, we will not recite them here.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand for further proceedings.

1.     As a threshold matter, Appellees argue that Breck lacks Article III standing.  To merit standing, a litigant must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent," (2) that the injury is fairly

---

[1] The Clerk is directed to amend the caption on the docket to reflect the caption above.  Specifically, the following parties should be removed: Janeen V. Isaacson; Glenn M. Machado; Mikyla Miller; Donald Beury, Esquire; Yvette Chevalier; Bryan Hunt; and Carol Hummel.  Although named as defendants in the original complaint in the district court, these individuals are not named in the second amended complaint, which was the operative complaint at the time of the district court's order below.  As a result, these individuals are not parties to and have not participated in this appeal.

traceable to the defendant's conduct, and (3) that the injury "likely . . . will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). These elements must be established "separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

Breck requests three forms of relief: a declaratory judgment, an "injunction prohibiting the continuation of the practices and policies" of the SBN and Nevada Supreme Court that are allegedly unconstitutional, and damages. He does not have standing to seek injunctive or declaratory relief. Because Breck has been perpetually barred from practicing law in the State of Nevada, the Nevada rules governing the conduct of Nevada attorneys will never again apply to Breck. He thus cannot demonstrate that he "is immediately in danger of sustaining some direct injury" from continued application of the Nevada rules, precluding the issuance of prospective relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 105 (1983) (internal quotation marks omitted). As to damages, Appellees contend that, because Breck does not challenge the order barring him from practicing law in Nevada that resulted from the SBN proceedings, any injury that flows from that order is not "fairly traceable" to the misconduct alleged in the complaint. We agree that Breck lacks standing to seek damages resulting from the SBN's

disciplinary order. But Appellees' argument fails to the extent that it overlooks Breck's allegations of compensable injuries that do not result from the SBN's disciplinary order. Breck does have standing to seek damages for those injuries. Accordingly, we review the district court's findings of immunity only with respect to those damages claims.

2.     The district court held that the Institutional Defendants were immune under the Eleventh Amendment. The Eleventh Amendment's "ultimate guarantee" is that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The State of Nevada has not waived its Eleventh Amendment immunity, so it is immune from Breck's damages claims. *See* Nev. Rev. Stat. § 41.031(3).

Eleventh Amendment immunity extends beyond the state itself. "[A]rms of the [s]tate" also enjoy the Amendment's protection. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). We have previously recognized that both the Nevada Supreme Court and the SBN are arms of the State of Nevada, and so are immune from § 1983 damages claims. *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982). As a result, the Eleventh Amendment precludes Breck's damages claims against all the Institutional Defendants. We affirm the district court's dismissal of Breck's complaint as to these defendants.

4

3.     The district court held that the Individual Defendants were immune under Nevada Supreme Court Rule 106(1), which affords "[a]ll participants in the discipline process . . . absolute[] immun[ity] from civil liability" for "any action taken in connection" with the disciplinary proceedings.  But "[i]mmunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations."  *Wallis ex rel. Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000).  Accordingly, the district court's finding of immunity for the Individual Defendants based solely on a Nevada Supreme Court rule was erroneous.

Nevertheless, the Individual Defendants may still enjoy immunity under federal law.  Those Individual Defendants that are state employees and sued in their official capacities are immune under the Eleventh Amendment.  *See Will*, 491 U.S. at 71.  But Eleventh-Amendment immunity does not apply to the Individual Defendants in their personal capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985).  And Breck has sued each of the Individual Defendants in his or her personal capacity.

Thus, if the Individual Defendants are immune in their personal capacities at all, that immunity must find its source outside of the Eleventh Amendment or state law.  The Individual Defendants may well be entitled to various forms of federally-

5

recognized common-law immunities, such as judicial or qualified immunity.  *See Will*, 491 U.S. at 67 ("[I]n enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law."); *see also Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (holding that California's state bar prosecutor and judges are "entitled to quasi-judicial immunity" for actions taken in disciplinary proceedings).  But that is a factual inquiry that the parties did not ask the district court to undertake.  We leave that issue for the parties to raise, and the district court to address, on remand.  We reverse the district court's dismissal of Breck's complaint as to the Individual Defendants and remand for proceedings consistent with this memorandum.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**  Each party shall bear its own costs on appeal.[2]

---

[2] In light of our disposition, we **DENY as moot** the pending motions to dismiss the appeal.