[No. B033509. Second Dist., Div. Two. Mar. 11, 1991.]

JEROME B. ROSENTHAL, Plaintiff and Appellant, v.
CONSTANCE VOGT et al., Defendants and Respondents.

**COUNSEL**

Jerome B. Rosenthal, in pro. per., for Plaintiff and Appellant.

Diane C. Yu, Marie M. Moffat, Robert M. Sweet, Irell & Manella, Dorette S. Feit, Robyn Martin, Mitchell, Silberberg & Knupp, Thomas P. Lambert and John L. Segal for Defendants and Respondents.

## OPINION

**FUKUTO, J.**—Plaintiff, Jerome B. Rosenthal, appeals from three orders of dismissal, entered after the sustaining without leave to amend of demurrers to his first amended complaint, which sought relief on account of allegedly wrongful conduct by defendants in connection with his disbarment proceedings. (See *Rosenthal* v. *State Bar* (1987) 43 Cal.3d 612 [238 Cal.Rptr. 377, 738 P.2d 723].) We affirm.

FACTS

The defendants-respondents comprise two, separately appearing groups: first, the State Bar of California (Bar) and a number of attorneys who were either Bar employees or members of its governing and disciplinary boards at the time of plaintiff's disbarment hearings (Bar defendants); and second, several other California lawyers, who succeeded plaintiff as counsel for clients whose abuse underlay his disbarment (attorney defendants).

Plaintiff's forty-five-page complaint contained twelve purported causes of action for damages, three based on federal civil rights laws (42 U.S.C. §§ 1983, 1988), eight for California torts (four negligent infliction of emotional distress, three intentional infliction, and one breach of fiduciary duty), and a final cause relying on the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq.) (RICO).[1] We reserve discussion of the RICO claim to the end of this opinion. The rest of the damage claims in essence alleged (1) that the attorney defendants interfered with plaintiff's disciplinary proceedings by secretly communicating to the Bar defamatory and irrelevant material, and (2) that the Bar defendants conducted the proceedings unfairly, vindictively, and out of personal motivation of hatred, including suppressing evidence, restricting plaintiff's defense, admitting inadmissible evidence, and other behavior calculated and effective to deny plaintiff a fair hearing. As stated, this conduct allegedly was both tortious

[1] A further, ninth cause of action sought to enjoin some of the Bar defendants from completing the disciplinary proceedings. That claim for relief was mooted by the Supreme Court's order of disbarment. (*Rosenthal* v. *State Bar, supra.*) We therefore give it no further attention, other than to observe that many of the issues tendered have been finally decided against plaintiff, in another action against the Bar and others. (*Rosenthal* v. *Justices of the S. Ct. of California* (9th Cir. 1990) 910 F.2d 561, 564-565, cert. denied (1991) __ U.S. __ [112 L.Ed.2d 1050, 111 S.Ct. 963].)

and, in the case of some of the Bar defendants, violative of plaintiff's 14th Amendment rights.

The trial court sustained separate demurrers of the attorney defendants and two sets of Bar defendants, on various grounds. The claims against the attorney defendants were held barred by Civil Code section 47, former subdivision 2 (now subd. (b)) and by collateral estoppel from previous lawsuits by and against plaintiff. The Bar defendants were held immunized from the civil rights claims by federal quasi-judicial immunity, and from the state tort claims by Government Code immunity provisions. Those causes were also held barred by plaintiff's failure to present a governmental tort claim, and the court further held that review of Bar disciplinary proceedings was beyond its subject matter jurisdiction.

Plaintiff disputes all of these holdings. We address only so many of them as self-sufficiently sustain the trial court's action.[2]

## DISCUSSION

1. *Attorney Defendants (Seventh and Eighth Causes of Action).*

Other than the RICO claim, the only causes of action asserted against the attorney defendants were the seventh and eighth, respectively for intentional and negligent infliction of emotional distress. These causes, the first of which was also filed against the Bar, alleged that between 1968 and 1986, a period spanning the Bar's investigation of and proceedings concerning plaintiff, the attorney defendants secretly defamed plaintiff to the Bar, and brought to it information it should not have considered in the disciplinary proceedings. This conduct was done with intent to inflict emotional distress and in breach of the attorney defendants' duty to refrain from unreasonable and unjustifiable interference with the proceedings. The Bar ratified it.

■ The trial court properly dismissed these causes as barred by the absolute privilege for communications made in judicial or other official proceedings (Civ. Code, § 47, subd. (b)), which the Bar now also properly asserts against the seventh cause. That privilege extends to attorneys' complaints to and communications with the Bar, initiating and pursuing disciplinary proceedings, as well as the Bar's response to such communications. (*Lebbos* v. *State Bar* (1985) 165 Cal.App.3d 656, 667-669 [211 Cal.Rptr. 847]; *Chen* v. *Fleming* (1983) 147 Cal.App.3d 36, 39-41 [194 Cal.Rptr.

---

[2] We review the sustaining without leave to amend of demurrers to plaintiff's first adjudicated pleading under familiar, liberal rules, which do not need restatement. (See *California Dental Assn.* v. *California Dental Hygienists' Assn.* (1990) 222 Cal.App.3d 49, 53, fn. 1 [271 Cal.Rptr. 410].)

913].) Moreover, the privilege bars claims not only for defamation (which is actually the gravamen of plaintiff's instant claims) but also for infliction of emotional distress (and, for that matter, all other torts save malicious prosecution). (E.g., *Silberg* v. *Anderson* (1990) 50 Cal.3d 205, 215-216 [266 Cal.Rptr. 638, 786 P.2d 365].)

Plaintiff contends that the challenged communications were not "made to achieve the objects" of the proceedings (see 50 Cal.3d at p. 212), because the object of the disciplinary proceeding was an objective, fair, and impartial resolution, whereas defendants allegedly acted unfairly and in calculated disregard of plaintiff's rights. This contention is a rehash of the "interest of justice" argument the Supreme Court unanimously rejected in *Silberg* v. *Anderson, supra*, 50 Cal.3d at pages 216-219. In refusing so to circumscribe the privilege, the court added: "The requirement that the communication be in furtherance of the objects of the litigation is, in essence, simply part of the requirement that the communication be connected with, or have some logical relation to, the action, i.e., that it not be extraneous to the action. . . . The 'furtherance' requirement was never intended as a test of a participant's motives, morals, ethics or intent." (*Id.* at pp. 219-220.) Here as in *Silberg*, "The privilege of section 47([b]) plainly applies." (*Id.* at p. 220.)[3]

2. *Bar Defendants-Tort Claims (Fourth-Sixth and Tenth-Twelfth Causes of Action).*

Plaintiff asserted two further sets of state law tort claims against various of the Bar defendants. First, he alleged these defendants violated their fiduciary duty to conduct the proceedings fairly (fourth cause), and that in so behaving they intentionally inflicted emotional distress (fifth cause) and negligently performed their duties (sixth cause). In the 10th through 12th causes, plaintiff alleged that a Bar staff attorney, with the Bar's complicity, prepared and circulated memoranda within the Bar, to advance a plan to deprive plaintiff of his license without due process, thereby committing negligence and negligent and intentional infliction of emotional distress.

Preliminarily, we agree with the Bar that the latter three causes of action are barred by the Civil Code section 47, subdivision (b) privilege, for the same reasons as are the preceding causes of action discussed above.

---

[3] Plaintiff also contends that this state law privilege cannot govern his federal claims of denial of 14th Amendment rights, which are incorporated into these causes of action. In fact, plaintiff incorporated into every cause of action but the RICO one all or almost all of the allegations preceding them. But plaintiff did not allege that the attorney defendants violated the civil rights act, nor could he. (See *Lebbos* v. *State Bar, supra*, 165 Cal.App.3d at pp. 663-665.). Moreover, incorporation of allegations independently nonactionable adds nothing to succeeding claims.

■    Furthermore, as the trial court held, all six tort claims are unalterably precluded by provisions of the Tort Claims Act, specifically Government Code sections 818.4 and 821.2, which immunize public entities and their employees from tort liability arising out of revocation of a license, and Government Code section 821.6, which immunizes public employees on account of injuries caused by their "instituting or prosecuting any judicial or administrative proceeding within the scope of [their] employment, *even if [they] ac[t] maliciously and without probable cause.*" (Italics added.)

Apart from the plain language of these statutes, analogous cases confirm their preclusive effect on plaintiff's present claims. In *State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 244-245 [115 Cal.Rptr. 497, 524 P.2d 1281], the court considered a claim for damages against a commission and its members and employees, on account of their alleged failure to follow their own procedures, receipt of secret information from staff, and denial of a fair hearing, before rejecting a permit application. The court held that a demurrer to this cause should have been sustained without leave under sections 818.4 and 821.2. Perhaps even more in point, *Engel* v. *McCloskey* (1979) 92 Cal.App.3d 870 [155 Cal.Rptr. 284] involved an attorney's action against the Bar, its committee, and two individual employees, alleging (inter alia) that defendants negligently conducted their investigation of plaintiff's suitability for Bar admission, and intentionally inflicted emotional distress by maliciously prolonging the investigation and convening a hearing. The court affirmed the sustaining without leave to amend of demurrers to these claims, by reason of Government Code sections 818.4, 821.2, and 821.6. (92 Cal.App.3d at pp. 881-883, 886-887.)

Plaintiff resists application of these immunities by contending that defendants were under a mandatory not discretionary duty (see Gov. Code, § 815.6) to act lawfully in discharging their functions, and that the individual defendants' violations of law and procedure could not have occurred within the scope of their employment. These semantic arguments are unavailing. The Bar proceedings in the course of which defendants' alleged delicts occurred were inherently discretionary, and the immunity of Government Code sections 818.4 and 821.2 therefore applies to the proceedings as a whole. (*Engel* v. *McCloskey, supra,* 92 Cal.App.3d at p. 883.) Similarly, Government Code section 821.6 extends to the pursuit of proceedings within the scope of the employee's assigned employment; the immunity is not limited to activities lawfully performed. (*Randle* v. *City and County of San Francisco* (1986) 186 Cal.App.3d 449, 456-457 [230 Cal.Rptr. 901].)

3.    *Civil Rights Claims (First through Third Causes of Action).*

Plaintiff's three federal civil rights causes of action alleged that various Bar defendants pursued and conducted various stages of the Bar

proceedings vindictively and with personal motivation. So motivated, they committed an assortment of procedural and substantive unfairnesses, infringing upon various of plaintiff's rights secured by the 14th Amendment. The trial court held that all of these claims were barred by the federal doctrine of judicial, or "quasi-judicial," immunity. Plaintiff's rejoinder is that the immunity does not extend to the described, personally and vindictively motivated acts.

■   The trial court was correct. The absolute federal immunity of the Bar and its officials and employees from civil rights actions arising out of their conduct of disciplinary (and attorney admission) proceedings has been extensively documented in prior decisions. (*Lebbos* v. *State Bar, supra,* 165 Cal.App.3d at pp. 665-666; *Greene* v. *Zank* (1984) 158 Cal.App.3d 497, 504-513 [204 Cal.Rptr. 770].) Moreover, the immunity extends to all judicial acts, however motivated and however intrinsically erroneous. (E.g., 158 Cal.App.3d at p. 507; *Bradley* v. *Fisher* (1871) 80 U.S. 335, 347, 354 [20 L.Ed. 646, 651] [judicial immunity for disbarment unaffected by motive]; *Rosenthal* v. *Justices of the S. Ct. of California, supra,* 910 F.2d at pp. 565-566.) The facts alleged in plaintiff's first three causes of action fall squarely within the federal privilege.

4.  *RICO (13th Cause of Action).*

Plaintiff's final cause of action was asserted against all defendants, under RICO.[4] Section 1964(c) provides a civil treble damages remedy for any person injured in his business or property by a substantive violation of RICO, as prohibited by section 1962. Section 1962 in turn prohibits the conduct of, or acquisition or maintenance of an interest in or control of, an "enterprise" which affects commerce, through "a pattern of racketeering activity" (§ 1962(b), (c)); it also prohibits investment of income from such a pattern in such an enterprise (§ 1962(a)), as well as conspiring to commit the foregoing violations (§ 1962(d)). "Enterprise" is defined to include numerous entities and associations (§ 1961(4)); "racketeering activity" constitutes an assortment of specified crimes, including mail and wire fraud under sections 1341 and 1343 (§ 1961(1)); and a "pattern" of racketeering activity requires at least two such acts within ten years of each other, one of them after RICO's effective date of October 15, 1970 (§ 1961(5)), plus other elements that are yet being refined by judicial decision. (See *H.J. Inc.* v. *Northwestern Bell Telephone Co.* (1989) 492 U.S. 229 [106 L.Ed.2d 195, 109 S.Ct. 2893].)

In brief, plaintiff alleged that the attorney defendants, for their own financial benefit, conspired to deprive him of his license to practice, and,

---

[4] Undesignated section citations hereafter are to title 18, United States Code.

through patterns of mail and wire fraud, controlled the Bar defendants (the enterprise(s)). Certain of the Bar defendants also committed racketeering patterns by various described procedural misdeeds in the prosecution and adjudication of the proceedings against plaintiff, which allegedly violated sections 1341, 1343, and 1503 (a federal obstruction of justice statute included within § 1961(1)'s definition of racketeering activities.)[5]

Turning first to the Bar defendants, plaintiff's RICO cause of action is legally unmeritorious for several reasons. The federal judicial immunity that bars plaintiff's civil rights claims equally precludes his attempt to invoke civil RICO on account of the Bar defendants' activities, all of which were judicial (or quasi-judicial) in nature. (*Greene* v. *Zank*, *supra*, 158 Cal.App.3d at pp. 508-510; see *Stump* v. *Sparkman* (1978) 435 U.S. 349, 355-356, 360-363 [55 L.Ed.2d 331, 338-339, 341-343, 98 S.Ct. 1099]; cf. *Thillens, Inc.* v. *Community Currency Exchange* (7th Cir. 1984) 729 F.2d 1128, 1129-1131 [immunity applied to RICO claim alleging legislators took bribes]; *Productions & Leasing* v. *Hotel Conquistador* (D.Nev. 1982) 573 F.Supp. 717, 720-721, affd. (9th Cir. 1983) 709 F.2d 21 [immunity applied to RICO claim against state board members for interfering with plaintiff's licensing].) In addition, plaintiff's attempt to assign liability to the enumerated procedural steps—which in any event could not have violated section 1503 (*McMartin* v. *Children's Institute International* (1989) 212 Cal.App.3d 1393, 1406 [261 Cal.Rptr. 437])—is precluded under principles of res judicata, because the propriety of those proceedings was determined adversely to him in *Rosenthal* v. *State Bar*, *supra*, 43 Cal.3d at pages 632-636. (See also *Rosenthal* v. *Justices of the S. Ct. of California*, *supra*, 910 F.2d at p. 567; *In re Rosenthal* (9th Cir. 1988) 854 F.2d 1187, 1188.)

■ With respect to the attorney defendants, the RICO cause of action exhibits other deficiencies. First, allegations of critical statutory elements are conclusional and uninformative. With respect to the predicate mail and wire fraud violations, the complaint fails to disclose not only their timing and content but also how they involved interstate devices. The allegations that these violations formed the necessary "pattern" are equally unilluminating. The trial court justifiably sustained the attorney defendants' demurrers based on insufficient pleading of those elements. However, given the very opaqueness of this phase of the pleading, it cannot clearly be said to have warranted denial of leave to amend in the first instance. (Cf. *Schreiber Distributing* v. *Serv-Well Furniture Co.* (9th Cir. 1986) 806 F.2d 1393, 1402

---

[5] Additionally, in paragraph 86 plaintiff alleged that the attorney defendants had also damaged and defrauded (mail and wire) his former clients. The trial court granted a motion to strike this paragraph with prejudice. Plaintiff contests that ruling. We agree with it; but in any event, the stricken allegations would not save the cause of action.

[finding inadequate pleading of both pattern and predicate frauds, but reversing dismissal for failure to allow leave to amend].)

But the same is not true of another central element of plaintiff's purported cause of action. The complaint clearly alleges, as the gravamen of plaintiff's RICO claim against the attorney defendants, that by their pattern of predicate offenses they "controlled" the Bar defendants, to plaintiff's damage. Plaintiff thus explicitly invokes section 1962(b), which prohibits any person from acquiring or maintaining control of an enterprise through a pattern of racketeering activity. However, plaintiff's critical allegation of control of the Bar defendants by the attorney defendants is unsustainable, because it is contrary to the meaning of RICO and facts concerning the Bar proceedings that were judicially noticed below—and, for that matter, the rest of the complaint.

While RICO is a broad statute, violation of its terms cannot be established by hyperbole or rhetoric. Those terms must be given their ordinary meaning. (*H.J. Inc.* v. *Northwestern Bell Telephone Co.*, *supra*, 492 U.S. at p. 238 [106 L.Ed.2d at p. 207, 109 S.Ct. at p. 2900].) The "control" of which section 1962(b) speaks is real, functional control, not a mere business relationship, even an ongoing one. (See *NCNB Nat. Bank of North Carolina* v. *Tiller* (4th Cir. 1987) 814 F.2d 931, 936, overruled on another point in *Busby* v. *Crown Supply, Inc.* (4th Cir. 1990) 896 F.2d 833, 841.)

Plaintiff's allegations that the Bar defendants were controlled by the attorney defendants, i.e., the lawyers for the former clients who prompted the plaintiff's disbarment proceedings by their complaint (*Rosenthal* v. *State Bar*, *supra*, 43 Cal.3d at p. 616), are untenable. In closely a related context, it has been held that even though a court or administrative agency may constitute an enterprise under RICO, a party prosecuting a complaint before it does not conduct its affairs, within the meaning of section 1962(c). (*Park South Associates* v. *Fischbein* (S.D.N.Y. 1986) 626 F.Supp. 1108, 1112, affd. (2d Cir.) 800 F.2d 1128.) The same must be true of the more demanding "control" requirements of section 1962(b). Furthermore, the Bar's extensive rules of procedure admit of no room for a complainant to conduct or control the many investigatory and adjudicative steps that must—and here did—precede a recommendation of disbarment. (See *Rosenthal* v. *State Bar*, *supra*, 43 Cal.3d at pp. 617-621.) The presumption that official duty has been regularly performed (Evid. Code, § 664) applies to such proceedings and their official participants. (*In re Kreamer* (1975) 14 Cal.3d 524, 532, fn. 5 [535 P.2d 728].) Here, the alleged involvement of dozens of Bar lawyers (now Bar defendants) in plaintiff's particular matter

renders his claim of outside control virtually inconceivable as a factual matter as well.[6]

Because plaintiff has not stated and cannot state a RICO claim against the attorney defendants for their "control" of the Bar defendants, the trial court properly dismissed the 13th cause of action with respect to the attorney defendants.

## DISPOSITION

The judgments (orders of dismissal) are affirmed.

Gates, Acting P. J., and Nott, J., concurred.

---

[6] Plaintiff has invited us to examine the rest of his complaint to fill out the meaning of his RICO allegations. That examination confirms the untenability of plaintiff's claim. Plaintiff's non-RICO causes of action are full of allegations that the supposedly "controlled" Bar defendants conducted proceedings following the complaint in a "personally motivated manner," and that the allegedly "controlling" attorney defendants, for their part, simply "interfered in the disciplinary proceedings."