[No. G023019. Fourth Dist., Div. Three. Feb. 8, 2000.]

JAMES LIN et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

932

**COUNSEL**

Norman L. Schafler for Plaintiffs and Appellants.

Daniel E. Lungren and Bill Lockyer, Attorneys General, Charlton G. Holland, Assistant Attorney General, John H. Sanders and John Venegas, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**THE COURT.**\*—James Lin, doing business as Southland Dental, Cathy Chou, and Monica Bhandari (appellants) are licensed dentists who were aggrieved by the State of California, California Department of Health Services, and the California Medi-Cal Dental Program's (respondents) regulation of their Denti-Cal patients.[1] They contend respondents' regulation failed to comply with an applicable statute and respondents denied them the right to an administrative hearing. Our review of the record and the underlying proceedings finds no constitutional or statutory support for appellants' grievances; we therefore affirm the judgment.

### FACTS

Appellants are approved Denti-Cal providers, 85 percent of whose practice consists of Denti-Cal patients. The majority of the dental services appellants provide to their patients are fillings. Respondents notified appellants by letter that they were required to obtain prior authorization for restorative services (fillings), and that failure to do so would result in denial of payment for services rendered. Examinations and X-rays were not affected by the letter and therefore did not require prior authorization. Respondents examined appellants' billing activities as part of their utilization review and determined respondents were: "(1) Billing and receiving payment for services not performed[,] [¶] (2) Billing and receiving payment for unnecessary services[,] and [¶] (3) Performing services which did not meet the community standard of care[.]" Respondents referred appellants to their "Denti-Cal Provider Manual, Section 4, page 4-1, and section 51455."[2] The need for prior authorization for the specified services would remain in effect

---

\*Before: Sills, P. J., Rylaarsdam, J., and Bedsworth, J.

[1]Medicaid is the federal program which provides medical assistance to those who cannot otherwise afford it. (42 U.S.C. § 1396a(a).) California's Medicaid program is known as Medi-Cal. (Welf. & Inst. Code, § 14000 et seq.) The Medi-Cal program that provides dental services for Medi-Cal beneficiaries is known as Denti-Cal. "Utilization control" is required for participation in Medicaid and Medi-Cal. The state's utilization control is set forth in Welfare and Institutions Code section 14133 et seq. and title 22 of the California Code of Regulations, sections 51455 and 51456. (All further regulatory references are to title 22 of the Code of Regulations unless otherwise noted.)

[2]Section 51455 provides: "(a) Any provider may be subjected to a requirement of prior authorization for all or certain specified services to be rendered under the California Medical Assistance Program [Medi-Cal], by written notice served on such provider from the Director or a carrier. The requirement for prior authorization may be imposed on such provider by the Director upon a determination that the provider has been rendering unnecessary services to a Medi-Cal beneficiary. [¶] (b) As used in this regulation, 'unnecessary services' includes but is not limited to any of the following which exceed customary and usual practices in terms of frequency, quantity, propriety, or length of treatment: [¶] (1) Office, home or inpatient visits. (2) Furnishing, prescribing or ordering drugs, appliances, services, hospital, skilled nursing

for one year, after which respondents would reevaluate appellants' billing activity. The prior authorization requirements did not preclude appellants from treating Denti-Cal patients.[3]

Appellants disagreed with the need for such prior authorization and petitioned the superior court for a writ of administrative mandate. Appellants contended should they be forced to obtain prior authorization before removing decay and placing fillings in the teeth of Denti-Cal patients, "approximately 75 percent will not return and their decay will get worse." Moreover, they claimed they would be forced to close their business and would be unable to work anywhere else as the prior authorization restriction would follow them. Appellants alleged respondents failed to comply with section 51455, subdivision (c), by not informing them of the " 'nature, type and extent of services determined by the director to have been unnecessary . . . .' " Appellants sought discovery and an administrative hearing.

In their opposition, respondents contended appellants did not have "a proprietary interest in continuing as Medi-Cal providers." Respondents explained the prior authorization procedure had been in effect since the late 1970's and was a standard utilization technique for cost control and fraud prevention. They characterized appellants' argument that they would lose money as not constitutionally significant because there was no evidence they could not continue their practices without Medi-Cal, nor was it the court's role to ensure respondents continued to make money. In short, respondents claimed appellants sought a remedy not authorized by law.

The court found respondents' prior authorization notice did not comply with applicable regulations. The court stayed the prior authorization requirement, continued the hearing, and ordered respondents to provide appellants with "the details of the dental care determined to be unnecessary." Respondents complied with the order, providing a detailed list of patients and procedures. Of the 44 patients listed, each purportedly had from 7 to 19 fillings done in one sitting.[4] After the hearing, the trial court dissolved the stay and denied the petition, ruling: (1) appellants had no property interest in

facility or intermediate care facility admissions. [¶] (c) The written notice of requirement for prior authorization shall state the nature, type, and extent of the services determined by the director to have been unnecessary, and shall also state which services shall be subject to prior authorization and the duration that such prior authorization shall remain in force."

[3]Respondents' review is limited to administrative action. Criminal investigation and prosecution is the Department of Justice's responsibility, and licensing is the responsibility of the Department of Consumer Affairs, Board of Dental Examiners. The reviewing agency here, the Denti-Cal Surveillance/Utilization Review Department, makes referrals to those agencies when appropriate.

[4]Norman Schafler, appellants' attorney, is also a licensed dentist and author of a three-volume text on dental malpractice. In his words, cause for concern is shown when dentists

treating Denti-Cal patients, (2) the hearing procedure for disputed audits or examinations did not include determinations under section 51455 imposing the prior authorization requirement, and (3) no other provision of law afforded appellants the right to an administrative hearing. This appeal followed.

## DISCUSSION

Appellants contend respondents' refusal to provide them with a hearing on the issue of prior authorization deprived them of due process. Due process rights only attach to recognized liberty or property interests. (*Schroeder v. McDonald* (9th Cir. 1995) 55 F.3d 454, 462.) Providers of Medicare services or other related programs have no protected interest in continued participation in such programs. (*Erickson v. U.S. ex rel. Dept. of Health and Hum. Ser.* (9th Cir. 1995) 67 F.3d 858, 861-862.) Any financial losses a physician may suffer from his or her exclusion from Medicare are " 'not of constitutional significance for the establishment of a protectable property interest.' " (*Id.* at p. 862, quoting from *Koerpel v. Heckler* (10th Cir. 1986) 797 F.2d 858, 864.)

California law is the same. (*Margulis v. Myers* (1981) 122 Cal.App.3d 335 [175 Cal.Rptr. 787].) In *Margulis* the issue was whether a physician participating in the Medi-Cal program had a right to a hearing before being subjected to a prior authorization requirement. The court noted there was no state or federal statute or regulation that required the state agency to allow providers of services an administrative hearing before implementing a prior authorization policy. Moreover, the court explained a prior authorization requirement was not a sanction or a penalty, but a means to ensure only necessary services are provided. (*Id.* at pp. 341-342.) The court concluded the physician was "neither legally nor constitutionally entitled to a hearing before implementation of the prior authorization requirement." (*Id.* at p. 343.)

Here, as in *Margulis*, appellants' relationship with Denti-Cal has not been terminated. Appellants may continue to provide services to qualified patients "subject to the inconvenience of obtaining prior authorization" for restorative services. (*Margulis* v. *Myers, supra,* 122 Cal.App.3d at p. 342.) And, as appellants had no entitlement to continued participation in Denti-Cal in any event, their due process argument fails.

---

perform services that are unnecessary or constitute overtreatment. He contends a warning sign of such abuse exits when all of the patient's work is done in one sitting. According to Schafler when a patient has 17 cavities the "ethical" dentist will do a few fillings in one quadrant or one entire quadrant at most, and finish the remaining fillings in successive visits. (1 Schafler, Dental Malpractice, Legal and Medical Handbook (3d ed. 1996) Dental Malpractice, § 1.50, p. 146.)

Appellants also contend there was no finding of unnecessary work to support the prior authorization requirement. The additional information the trial court ordered respondents to provide clearly specified the problem: multiple fillings on the same date of service. This satisfies the regulation's requirement of "the nature, type, and extent of the services determined by the director to have been unnecessary." (§ 51455, subd. (c).)

Finally, appellants contend they were entitled to appeal the decision and have a hearing under section 51022. The statute refers to audits and examinations, and allows the provider to request a hearing after receipt of written notice of findings from an audit or examination. (§ 51022, subd. (a)(1).) Appellants make no showing that section 51022 is applicable to prior authorizations. The judgment is affirmed. Respondents shall recover their costs on appeal.