Arvind SHANKAR, M.D., Plaintiff—Appellant,

v.

Diana BONTA, R.N., in her official capacity as Director of the State of California Department of Health Services; Michelle Marks, in her official capacity as Chief of the Case Development Medical Review Branch of the State of California Department of Health Services; Michelle Marks, in her individual capacity; Refugio Garcia; Barbara Naimark; Lucy FE Vendivel; Irene Duncan; Robert Abbe, M.D., Defendants—Appellees.

No. 01–56399.

D.C. No. CV–00–07659–RJK.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002 *.

Decided Oct. 11, 2002.

Before PREGERSON, RYMER and McKEOWN, Circuit Judges.

## MEMORANDUM **

Arvind Shankar, M.D. appeals the district court's dismissal and summary judg-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment rulings in favor of officials of the California Department of Health Services (DHS), as well as the court's scheduling order and refusal to grant various continuances. We affirm.

## I

The district court properly dismissed Shankar's official-capacity claims for injunctive relief. The pleadings fail to show a continuing violation or any reasonable probability that Shankar would again be injured by DHS's enforcement of its antifraud policies. That DHS may be run incompetently or corruptly (as Shankar alleges) at most gives rise to a "theoretical possibility" that he will again be affected, which is insufficient. *Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir.1985) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)).

## II

■ Shankar has no constitutionally protected property interest in his Medi-Cal provider enrollment. *Erickson v. United States*, 67 F.3d 858 (9th Cir.1995), is not distinguishable on any of the bases argued by Shankar. While he had a property interest in the earned payments that were temporarily withheld, any claim with respect to those sums is moot because the funds were paid after Shankar partially won his administrative appeal. Even assuming that Shankar had a property interest in goodwill associated with his practice, no constitutionally significant deprivation occurred as DHS did not directly interfere with his patient relationships or employment prospects. *WMX Techs., Inc. v. Miller*, 197 F.3d 367 (9th Cir.1999) (en banc); *cf. Sorrano's Gasco v. Morgan*, 874 F.2d 1310 (9th Cir.1989). Nor does it matter that *Erickson* pertained to Montana's Medicaid scheme; Shankar has not indicated how Montana's scheme differs from California's in any relevant way. *See Lin v. California*, 78 Cal.App.4th 931, 93 Cal. Rptr.2d 88, 91 (2000) (recognizing that physicians have no property right in continued Medi-Cal participation). Finally, DHS's temporary deactivation of Shankar's Medi-Cal provider numbers did not undercut Shankar's professional prospects such that it deprived him of due process. *See Greene v. McElroy*, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959) (aeronautics executive who was deprived of security clearances was driven from the field altogether).

## III

■ Shankar contends that his state tort claims are not immunized for a number of reasons, including in particular that the immunity provided by Cal. Gov.Code § 821.2 does not shield allegedly unlawful conduct apart from suspension of his Medi-Cal provider numbers; that he has alleged no official proceedings protected by § 821.6; and that Cal. Civ.Code § 47(b) does not apply because DHS's publications were beyond the scope of legitimate proceedings. We agree with the district court that Shankar's claims against DHS officials individually are barred under one or the other of these provisions. The decision to revoke his billing privileges, from which Shankar's injuries stem, falls within the scope of § 821.2. *Cf. Taylor v. Mitzei*, 82 Cal.App.3d 665, 147 Cal.Rptr. 323, 327 (1978) (denial of Medi-Cal patient benefits falls within § 821.2 immunity). Shankar offers no authority for his assertion that § 821.2 immunizes only the suspension decision itself. *See Rosenthal v. Vogt*, 229 Cal.App.3d 69, 280 Cal.Rptr. 1 (1991) (immunity applies to proceedings as a whole, including allegation of vindictiveness). Section 821.6 applies to administrative investigations and license revocations, as well as to malicious prosecution. *See Gensberg v. Miller*, 31 Cal.App.4th 512, 37 Cal.Rptr.2d 97 (1995). And statements made by DHS personnel during the course

of their investigation and suspension proceedings are privileged by Cal. Civ.Code § 47(b). *See Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426, 246 Cal.Rptr. 609, 617 (1988).

## IV

We cannot say that the district court abused its discretion under Fed.R.Civ.P. 26 in denying Shankar's motion to compel further responses to Interrogatories 17 and 18. Nothing in the record suggests that the data Shankar sought to discover would tend to prove discriminatory purpose sufficient to raise a triable issue, *cf. Gomillion v. Lightfoot*, 3646 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960); *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1986); *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), while the burden on the department to produce the information requested would be substantial. Confidentiality concerns would also be raised. On balance, there was no abuse of discretion.

## V

Shankar submits that the district court set a premature discovery deadline and inappropriately denied his second Rule 56(f) request. However, the original cutoff was set after litigation had been underway for seven months, and was extended when Shankar expressed difficulty meeting it. The court continued the hearing on summary judgment twice. At oral argument, Shankar could identify no discovery that was needed (apart from that already denied). We see no abuse of discretion.

## VI

Shankar argues that summary judgment should be reversed because there are gen-uine issues of material fact. However, Shankar filed no opposition and the district court has no obligation to comb the record for evidence that might raise a triable issue. *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001).

His challenge to the constitutionality of Welf. & Inst.Code §§ 14043.36(a) and 14107.11 fails for a similar reason. No such argument was properly presented to the district court and we decline to consider it. *See Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108–09 (9th Cir.2001).

## VII

Given our disposition, it is unnecessary to consider Shankar's final argument that the case should be reassigned.

AFFIRMED.