Felix **TORRES, Jr.,** Plaintiff—Appellant,

v.

**STATE BAR OF CALIFORNIA;** et al., Defendants—Appellees.

No. 04–17176.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**14**

Felix Torres, Jr., Laguna Hills, CA, pro se.

Marie M. Moffat, Esq., Lawrence C. Yee, Esq., Colin P. Wong, DAG, The State Bar of California Office of the General Counsel, San Francisco, CA, for Defendants–Appellees.

Keith Ball, Mission Viego, CA, pro se.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Felix Torres, Jr., a California attorney who was suspended from the practice of law for misconduct, appeals pro se the district court's order dismissing his action against the State Bar of California, the State Bar Journal, and Keith Ball, whose ex-wife Torres represented in a family matter. Torres's action alleged violations of 42 U.S.C. §§ 42 U.S.C.1981, 1983, and 1985 and also alleged that the inclusion of details about his disciplinary matter on the State Bar's website amounted to intentional infliction of emotional distress, defamation, and invasion of privacy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissal based on Eleventh Amendment immunity, *see In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003), as well as dismissal for failure to exhaust, *see B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099 (9th Cir.2002). We review for abuse of discretion the district court's refusal to exercise supplemental jurisdiction. *See Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir.2001). We affirm.

 The district court correctly dismissed Torres's action against the State Bar and the State Bar Journal on Eleventh Amendment grounds because the

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

State Bar of California is a state agency, *see Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir.1995), and the Eleventh Amendment bars private parties from suing states in federal court, *see Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817, *as amended,* 271 F.3d 910 (9th Cir.2001). The district court properly dismissed Torres's action against Keith Ball as an agent of the State Bar because Eleventh Amendment immunity extends to individuals acting in their official capacities as agents of the state. *See Pena v. Gardner,* 976 F.2d 469, 472 (9th Cir.1992).

█ Because Torres failed to comply with the administrative exhaustion requirement of the California Tort Claims Act ("CTCA"), the district court properly dismissed Torres's state law claims against the State Bar, State Bar Journal and Keith Ball, acting as an agent of the State Bar. *See* Cal. Gov.Code §§ 905.2, 910, 945.4; *Rosenthal v. Vogt,* 229 Cal.App.3d 69, 75, 280 Cal.Rptr. 1 (1991) (applying provisions and requirements of the CTCA to State Bar and its employees).

█ Finally, the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Torres's state claims against Keith Ball, acting in his individual capacity, since the district court had dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c); *cf. Bahrampour v. Lampert,* 356 F.3d 969, 978 (9th Cir.2004).

**AFFIRMED.**