Craig B. JOHNSON and Shelly M. Norwest, Plaintiffs,

v.

UNIVERSITY OF NEVADA, et al., Defendants.

No. CV–R–84–166–ECR.

United States District Court, D. Nevada.

Oct. 1, 1984.

**176**

David Dean, Reno, Nev., for plaintiffs.

Robert A. McQuaid, Jr., Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiffs, Craig Johnson and Shelly Norwest, seek civil damages pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, from among others, the University of Nevada-Reno (UNR), the Board of Regents (Board), and Lawlor Events Center (Lawlor). These defendants have moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

UNR, Board and Lawlor base their motion to dismiss on an argument that they are immune from a suit for monetary damages because of the Eleventh Amendment. Johnson and Norwest counter with an allegation that UNR is an independent political entity able to be sued. For the reasons stated herein, defendant's motion to dismiss as against UNR and the Board should be granted. As against Lawlor, additional competent information must be submitted.

█ Absent a state waiver, the Eleventh Amendment protects states from suit in federal court. *See Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979).

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

█ The Amendment is also applicable to suits brought by citizens against their

own state. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1973); *Hans v. Louisiana,* 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890).

■ Although a state may waive its Eleventh Amendment immunity by explicitly consenting to the suit, Nevada has not waived its immunity. *See* NRS 41.031(3); *See O'Connor v. Nevada,* 686 F.2d 749, 750 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). NRS 41.-031(3) provides:

> The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States.

Therefore, Nevada is protected from money judgments by the Eleventh Amendment. *See Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

The Amendment has also been held to protect state instrumentalities and agencies from suit. *Edelman v. Jordan,* 415 U.S. at 663, 94 S.Ct. at 1355. Thus, the question presented to this Court is whether the University of Nevada-Reno, the Board of Regents, and Lawlor Events Center are state instrumentalities or agencies.

■ The Ninth Circuit has used a number of factors to determine whether a governmental entity is an arm of the state. The most "crucial question ... is whether the named defendant has such independent status that a judgment against the defendant would not impact the state treasury." *Ronwin v. Shapiro,* 657 F.2d 1071, 1073 (9th Cir.1981) *citing Edelman v. Jordan,* 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). The *Edelman* court held that the Eleventh Amendment bars a suit "by private parties seeking to impose a liability which must be paid from public funds in the state treasury." 415 U.S. at 663, 94 S.Ct. at 1355. Relying on *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389, the *Edelman* court further reasoned that if the damage award is to be paid by the State, the State is the real party in interest even

though individual officials might be named as nominal defendants. *Edelman* 415 U.S. 663, 94 S.Ct. at 1355. In this case, the Nevada Constitution provides that University funding is to come from the general fund. Nev. Const. Art. 11 § 6. Thus, any damages against UNR or the Board would be chargeable to the State and would therefore be an award against the State. If the plaintiffs' suit would result in a damage award payable by UNR or the Board, it is barred by the Eleventh Amendment.

In order to determine whether UNR, the Board or Lawlor are functioning as instrumentalities, it may be helpful to look at any applicable Nevada law. *See Brennan v. University of Kansas,* 451 F.2d 1287 (10th Cir.1971).

There is not a Nevada case directly on point holding that UNR, the Board or Lawlor are arms of the state. One Nevada case states as an assertion of fact that the University of Nevada-Las Vegas is a public institution of higher learning financed by the State of Nevada. *University of Nevada v. Tarkanian,* 95 Nev. 389, 391, 594 P.2d 1159 (1979). However, this does not answer the question presented in this case. An examination of the Nevada Constitution and statutes may provide some guidance. UNR was established in 1880 by the Nevada Constitution, Art. 11 § 4. This section also provides that control of the University System is by a Board of Regents. *Id.* The Constitution provides that the support and maintenance of the university is by direct legislative appropriation from the general fund. Nev. Const. Art. 11 § 6.

In analyzing the nature of the Board, it is important to note that the Board was created by the Nevada constitution to perform state functions. Nev. Const. Art. 11 §§ 4, 7. It is arguably a state instrumentality by virtue of its constitutional mandate to supervise the University and to manage its funds. *Id.* The members of the board are publicly elected officials. *Id.* § 7. Therefore, not only is the Board constitutionally formed, but it is also fiscally tied to the state.

Further, the Nevada Legislature provides a fairly comprehensive program of controls and mandates for the University of Nevada System. *See* NRS Chapter 396. Included in this system are UNR and the Board. Of particular note is NRS 396.330 through NRS 396.400 which are the applicable statutes dealing with the finances of the University System. The Board disburses all appropriations made for the support of the state colleges. NRS 396.340(2), 396.-380. The Board is required to make an annual report to the governor for all money received and disbursed. NRS 396.340(3). Support and maintenance of the university system comes from the direct legislative appropriation from the general fund and land grants originally given to the State of Nevada in 1862 by the Federal government. NRS 396.370. Before payment, all claims of every kind must be approved by the state board of examiners. NRS 396.390. An account of all receipts and expenditures must be kept open to public inspection. NRS 396.400.

On the foregoing analysis, we must therefore conclude that because the University system operates as a branch of the Nevada State government and because the state is obligated to provide sufficient funds for its operation, UNR and the Board are state instrumentalities within the meaning of the Eleventh Amendment. *In accord Cannon v. Univ. of Health Sciences/The Chic. Med,* 710 F.2d 351, 356–357 (7th Cir.1983); *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir.1982); *Ronwin v. Shapiro,* 657 F.2d 1071, 1073 (9th Cir.1981); *Brennan v. Univ. of Kansas,* 451 F.2d 1287, 1290 (10th Cir.1971); *Ewing v. Board of Regents of Univ. of Michigan,* 552 F.Supp. 881, 883–884 (E.D. Mich.1982) (These cases also hold that state universities and their Boards of Regents are arms of the state and are immune from suit in federal court.)

On the other hand, a review of the pleadings does not provide sufficient facts to determine whether Lawlor is a state instrumentality or agency. Research reveals that the only statutory provisions as to Lawlor are 1983 Nev.Stat.Ch. 511 at 1367, 1981 Nev.Stat.Ch. 585 at 1251, and 1979 Nev.Stat. § 5 Ch. 679 at 1741. However, these statutes do not deal with whether Lawlor is a state agency. Therefore, additional information will have to be obtained in order to rule on defendant's motion to dismiss Lawlor.

## CONCLUSION

UNR and the Board should be dismissed as defendants in this case. This Court lacks jurisdiction because of the Eleventh Amendment.

IT IS, THEREFORE, HEREBY ORDERED that the motion to dismiss UNR and the Board is GRANTED.

IT IS FURTHER ORDERED that defendants shall have 20 days from this date within which to file affidavits or other competent and duly authenticated evidence and/or supplementary points and authorities in support of their motion to dismiss Lawlor Events Center on the basis that it is a state agency. Thereafter, plaintiffs shall have 20 days within which to file affidavits or other competent and duly authenticated evidence and/or supplementary points and authorities in opposition. Defendants shall have 15 days to file responsive materials.