**Robert J. AUSTIN, d/b/a Austin Roofing, Plaintiff,**

v.

**STATE INDUSTRIAL INSURANCE SYSTEM, and Laury M. Lewis, General Manager, Defendants.**

**No. CV–N–89–521–HDM.**

United States District Court, D. Nevada.

July 16, 1990.

Robert J. Austin, Fallon, for plaintiff.

Nancy Fong Wong, Associate Gen. Counsel, State Indus. Ins. System, Carson City, for defendants.

## ORDER

McKIBBEN, District Judge.

Plaintiff Robert J. Austin, appearing *in propria persona*, has filed a civil rights action pursuant to 42 U.S.C. § 1983 against the Nevada State Industrial Insurance System (SIIS) and its general manager, Laury M. Lewis. Defendants have filed a motion to dismiss (# 6), claiming, *inter alia*, immunity under the eleventh amendment to the United States Constitution and Nev.Rev. Stat. §§ 41.032, .031(3). This court reserved its ruling on the motion to dismiss pending review of the supplementary points and authorities addressing the immunity issue filed by the parties in response to this court's order (# 15).

### DEFENDANT SIIS

■ In the absence of consent to a suit in which the state or one of its agencies or departments is named as a defendant, such action is proscribed by the eleventh amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The state of Nevada has not waived its eleventh amendment immunity. Nev.Rev.Stat. § 41.031(3). Thus, if SIIS is a state agency, it is immune from a suit for damages brought in federal court. *See Rosenthal v. Nevada*, 514 F.Supp. 907, 913 (D.Nev.1981).

■ In deciding whether SIIS is an agency of the state of Nevada, the court must determine whether Nevada, although unnamed as a party, is at least a nominal defendant in the suit. *Jagnandan v. Giles*, 538 F.2d 1166, 1173 (5th Cir.1976), *cert. denied*, 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977). The critical focus is "whether the named defendant has such independent status that a judgment against the defendant would not impact the state treasury." *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir.1981). Factors the court should consider in determining the status of such an agency are outlined in *Johnson v. University of Nevada*, 596 F.Supp. 175, 177 (D.Nev.1984) and include the following: (1) the source of the entity's funding; (2) the legislation establishing the entity; (3) the nature of the responsibilities

assigned to the body by state legislation and the state constitution; and (4) the extent of controls and mandates assigned to the entity by the Nevada Legislature—especially finances. *Id.* at 177–78.

### I. *The Source of the Entity's Funding*

All monies collected by SIIS constitute the State Insurance Fund, which is held in trust by the general manager and maintained in the state treasury. Nev. Const. art. 9, § 2; Nev.Rev.Stat. §§ 616.-425, .1729. This fund is "part of" the state treasury and all disbursements of the fund are paid by the state treasurer. Nev.Rev. Stat. § 616.423. The state is responsible for the safety and preservation of the fund, although it is not responsible for the salaries of SIIS officials or other overhead expenses. *Id.* at § 616.435(1). If SIIS should cease to exist, all moneys in the State Insurance Fund would be disposed of by the legislature. *Id.* at § 616.495.

Although there is no law explicitly holding the state of Nevada liable for a judgment against the SIIS, Nev.Rev.Stat. § 616.435(1) holds the state responsible for the safety and preservation of the Fund. A judgment against SIIS could affect the state treasury if the State Insurance Fund were depleted.

### II. *The Legislation Establishing the Entity*

Nev.Rev.Stat. § 616.1701(2) created SIIS as a "public agency which administers and is supported by the state insurance fund." SIIS's predecessor, the Nevada Industrial Commission, was viewed as a "state agency existing for a public purpose," that of affording much-needed protection to workmen which was otherwise unobtainable. Op.Att'y Gen.Op. 86, at 208–09 (1955). SIIS is supervised by a board of seven directors who are appointed by the governor. Nev.Rev.Stat. § 616.1703. These individuals are immune from liability in their private capacities. *Id.* at § 616.1711.

### III. *The Nature of the Responsibilities Assigned by Legislation and the Constitution*

Under Nevada law, SIIS must report to the governor and the legislature before

every session to address the legislative needs of the agency and its operations. *Id.* at § 616.1709(8). The board must name a manager, who must file a bond with the secretary of state. *Id.* at § 616.1713(5). The duties of the board also include approving investment policies and budgets, approving investment counselors and custodians, approving the appointment of an actuary and an accountant, and overall review and advice. *Id.* at § 616.1709.

SIIS has the authority to conduct administrative hearings, *see id.* at §§ 616.-226, .635(2), and adopt regulations, *id.* at §§ 616.1725(9), .380(1)(b), .383(3), having the force of law. *Id.* at § 233B.040(1).

*IV. The Extent of Controls and Mandates Assigned by the Nevada Legislature*

The legislative scheme controlling the SIIS is relatively comprehensive. SIIS is regularly reviewed by the executive and legislative departments of the state government. *Id.* at § 616.1701(2). The governor must approve some types of board resolutions and other actions. *See, e.g., id.* at § 616.180(4). In managing the State Insurance Fund, the board must comply with a list of statutorily approved types of investments. *Id.* at §§ 616.4972–499.

SIIS must use the state printing office and must cooperate with the state public works board in all construction plans. *Id.* at §§ 616.215, .180. Property owned or rented by SIIS must be held in the name of the state of Nevada, *id.* at §§ 616.-1725(2), .1805(1), and any portions of buildings not occupied by SIIS may be rented only to *"other* state agencies." *Id.* at § 616.180 (emphasis added). No more than ten percent of the total assets of the State Insurance Fund may be invested in rehabilitation of buildings and offices. *Id.* at § 616.180(1). All records and official correspondence of SIIS are public record subject to public inspection. *Id.* at § 616.1701(4).

Other statutes also suggest the classification of SIIS as a state agency. For example, SIIS is entitled to use services provided to state agencies, *id.* at § 616.1701(3), and a substantial number of the employees of SIIS are in the classified service of the state. *Id.* at § 616.1701(3).

These factors all support the conclusion that SIIS is an agency of the state of Nevada. *See Johnson,* 596 F.Supp. at 175, and *Rosenthal,* 514 F.Supp. at 907.

Nevertheless, Austin contends that SIIS is not a state agency because it was created by the legislature as a *"public"* agency. Nev.Rev.Stat. at § 616.1701(2). However, this language is not dispositive. The function of the agency, coupled with its overall treatment by the legislature, compels the conclusion that SIIS is a state agency. *See also id.* at §§ 218.737, .610 (including SIIS in the definition of "Agency of State"). Austin also argues that the fact that SIIS is represented by its own counsel instead of the Nevada Attorney General indicates that it is not a state agency. This contention lacks merit. The governor appoints counsel for SIIS and this counsel is in the unclassified service of the state. *Id.* at § 616.253. Furthermore, the fact that SIIS is self-supporting and is not appropriated money from the state treasury is also of no consequence. *See O'Connor v. State,* 686 F.2d 749, 750 (9th Cir.1982), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982) (state bar found to be a state agency entitled to eleventh amendment immunity even though its funds are from attorney dues and not from the state general fund).

DEFENDANT LAURY LEWIS

■ Defendant Laury Lewis, as general manager of SIIS, is named in the caption of the complaint, but Austin makes no factual allegations regarding Lewis in the body of the complaint. Austin also fails to allege any facts showing the personal involvement of Lewis or any actions taken by Lewis resulting in the alleged harm. Thus, the complaint does not identify Lewis as a defendant.

■ This court will liberally interpret a complaint filed *pro se. Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). However, even if this complaint did contain any factual allegations regarding the actions of Defendant Lewis, they would be actions taken in his official capacity and thereby immunized by

the eleventh amendment and Nev.Rev.Stat. § 41.032; *see also Will v. Michigan Dept. of Police,* —— U.S. ——, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985) (a judgment against a public servent in his official capacity imposes liability on the entity he represents). While Austin is a *pro se* litigant, it does not appear that the deficiencies of his complaint could be cured by amendment even if leave of court were granted to do so. *See Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980) (per curiam).

Therefore, it is ORDERED that the defendants' motion to dismiss (# 6) is GRANTED.

It is so ORDERED.