Robert J. AUSTIN, d/b/a Austin
Roofing, Plaintiff–Appellant,

v.

STATE INDUSTRIAL INSURANCE
SYSTEM; Laury M. Lewis,
General Manager, Defendants–Appellees.

No. 90–16161.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 1991.*

Memorandum April 11, 1991.

Memorandum Withdrawn July 15, 1991.

Order and Opinion July 15, 1991.

Robert J. Austin, pro se.

Nancy E. Fong Wong, Associate Gen.
Counsel, State Indus. Ins. System, Carson
City, Nev., for defendants-appellees.

Before WALLACE, Chief Judge,
GOODWIN and FLETCHER, Circuit
Judges.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

## ORDER

The memorandum disposition filed April 11, 1991, 930 F.2d 26, is hereby withdrawn and the opinion sent to file this date substituted in its place.

Appellant's petition for rehearing filed April 25, 1991 is denied. The Clerk shall hold the mandate for twenty-one days from the date of this order.

## OPINION

FLETCHER, Circuit Judge:

Plaintiff Austin, d.b.a. Austin Roofing, appeals the dismissal of his 42 U.S.C. § 1983 action against the Nevada State Industrial Insurance System ("SIIS") and Laury Lewis, General Manager of SIIS. The district court dismissed Austin's action on the grounds that SIIS is a state agency immune from suit under the eleventh amendment and that Lewis, sued in his official capacity, shares in that immunity. We affirm.

## FACTS

Austin is a Nevada citizen who operated a sole proprietorship licensed by the state of Nevada as a roofing subcontractor. In September 1981, as required by Nev.Rev. Stat. § 616.285, Austin obtained workers' compensation insurance from the Nevada Industrial Commission, the forerunner of SIIS. In 1987, the Nevada legislature amended the workers' compensation law to treat sole proprietors and partners of licensed construction subcontractors as employees with imputed wages of $500 per month and to require that they pay workers' compensation premiums on that amount. *See* Nev.Rev.Stat. § 616.085(2). Austin refused to pay the additional premiums. According to Austin, SIIS responded by deducting $106.72 from his advance premium account to cover the additional premiums from April through October of 1988. At the end of October SIIS cancelled his policy, and on November 9 it issued Austin an order to cease business operations for failure to maintain the required workers' compensation insurance premium deposit and payments.

On August 10, 1989, Austin filed a pro se complaint under 42 U.S.C. § 1983, alleging that SIIS had violated his rights under the takings clause of the fifth amendment and the due process and equal protection clauses of the fourteenth amendment by misappropriating premiums from his advance premium account and by ordering him to cease business. The complaint sought $595,000 in general damages and $5.94 million in compensatory and punitive damages.

Without filing an answer, SIIS and Lewis filed a motion to dismiss based on several grounds, including eleventh amendment immunity. The district court, after an initial hearing and supplemental briefing, granted the motion on the basis of the defendants' immunity from suit. *See Austin v. State Indus. Ins. System*, 741 F.Supp. 1466 (D.Nev.1990). Austin filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is de novo. *See Price v. Hawaii*, 921 F.2d 950, 954 (1990).

## DISCUSSION

### I. SIIS

■ The eleventh amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Though its language suggests otherwise, the eleventh amendment has been interpreted to bar in federal court suit brought against a state even by one of its own citizens. *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *Hans v. Louisiana*, 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890). A state may consent to suit, but absent such consent the eleventh amendment bars actions against the state and its agencies and departments. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984). Nevada explicitly has retained its full eleventh amendment immunity. Nev.Rev.Stat. § 41.031(3); *Central Reserve Life of N.*

*Am. Ins. Co. v. Struve,* 852 F.2d 1158, 1160 (9th Cir.1988).

The question presented in this appeal is whether SIIS is an agency of the state of Nevada and therefore entitled to eleventh amendment immunity. Our circuit has identified several factors as relevant to this inquiry. A central concern is whether a judgment against the entity named as a defendant would impact the state treasury. *Roberts v. College of the Desert,* 870 F.2d 1411, 1415 (9th Cir.1988); *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir.1982). We also consider such factors as the nature of the entity's functions, powers, and responsibilities; its relation to and control by other units of government; its corporate status; its ability to sue or be sued; and its power to hold property in its own name or that of the state. *See Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198, 201 (9th Cir.1988), *cert. denied,* 490 U.S. 1081, 109 S.Ct. 2102, 104 L.Ed.2d 663 (1989); *Jackson,* 682 F.2d at 1350. In evaluating the force of these factors in a particular case, we look to state law's treatment of the entity. *Mitchell,* 861 F.2d at 201; *Jackson,* 682 F.2d at 1350.

Our analysis is informed by a recent decision of the Nevada Supreme Court that found SIIS to be a state agency. In *Northern Nevada Association of Injured Workers v. Nevada State Industrial Insurance System,* 107 Nev. 108, 807 P.2d 728 (1991), the Nevada trial court dismissed an action against SIIS and several individual defendants, including Lewis, that asserted both state tort claims and federal civil rights claims under 42 U.S.C. §§ 1983 and 1985. The court found the state claims barred by Nev.Rev.Stat. § 41.032, which precludes an action against a state agency or employee for the performance of or failure to perform a discretionary act. It dismissed the federal claims on the ground that SIIS is a state agency, and that it and its employees, when acting in their official capacities, are not "persons" within the meaning of section 1983 and section 1985. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (section 1983); *Santiago v. New York*

*State Dep't of Correctional Services,* 725 F.Supp. 780 (S.D.N.Y.1989) (section 1985).

The Nevada Supreme Court upheld the dismissal of the federal claims, but reinstated the state claims on the sole ground that some of the defendants' acts were not discretionary. The court agreed with the trial court that SIIS is a state agency:

> SIIS is clearly a state agency for the following reasons: (1) it is subject to the approval and control of the Governor, the legislature, and other agencies of the government; (2) it is treated as the State or a state agency throughout the Nevada Revised Statutes; and (3) it possesses certain powers of a sovereign authority.

*Northern Nevada,* 807 P.2d at 731 (footnotes omitted). In affirming the trial court's dismissal of the federal claims on the basis of *Will,* the Nevada Supreme Court reiterated its holding that SIIS is a state agency. *Id.* at 732.

While *Northern Nevada* specifically addressed Nevada's state law of immunity and not the eleventh amendment, its conclusion that SIIS is a state agency applies with equal force in the latter context for two reasons. First, as noted earlier, we give substantial deference to the Nevada Supreme Court's conclusion that SIIS is a state agency. *See Mitchell,* 861 F.2d at 201; *Jackson,* 682 F.2d at 1350. Second, the Nevada Revised Statutes supply a wealth of support for that conclusion. In *Northern Nevada,* the Nevada Supreme Court identified numerous statutory provisions that subject SIIS to the control and review of the Governor, the legislature, and other government agencies. *See Northern Nevada,* 807 P.2d at 731 n. 7. The Nevada legislature's view that SIIS is a state agency is unmistakable. *See id.* n. 8. *Northern Nevada* also enumerates the many governmental powers statutorily vested in SIIS, including the powers to conduct administrative hearings and adjudications and to issue regulations carrying the force of law. *See id.* n. 9.

Additional statutory provisions, not catalogued in the footnotes of *Northern Nevada,* further support the conclusion that

SIIS is a state agency. For example, the board of directors that supervises SIIS is appointed by Nevada's governor. Nev. Rev.Stat. § 616.1703(1). Prior to each legislative session the board of directors must report to the governor and the legislature on the operation of SIIS and submit recommendations for any appropriate legislation. *Id.* § 616.1709(8). These provisions define the role of Nevada's executive and legislative branches in the review and, to some extent, control of SIIS. Another provision entitles SIIS "to use any services provided to state agencies," and requires it to "use the services of the purchasing division of the department of general services." *Id.* § 616.1701(3). The same provision designates employees of SIIS, with some exceptions, as members of the "classified service" of Nevada. *Id.*

Although the Nevada Supreme Court did not mention impact on the state treasury as a consideration, several statutory provisions suggest that judgments against SIIS could have an impact on Nevada's treasury. As the district court pointed out, although the funds collected by SIIS consist of the premiums of policyholders and other private payments, those funds are held in trust by the state treasurer. *Id.* § 616.423. If the Nevada legislature were to repeal SIIS's organic statute, the legislature would control disposition of the funds. *Id.* § 616.495. Most importantly, the state has ultimate responsibility for the state insurance fund. *Id.* § 616.435(1) ("The State of Nevada ... is responsible for the safety and preservation of the state insurance fund."). Taken together, these provisions impose responsibility on the state and its treasurer to assure the integrity and solvency of the Nevada state insurance fund. We agree with the district court that monetary judgments against SIIS could impact Nevada's treasury.

Of course, "could" does not mean "would". We cannot say that a monetary judgment against SIIS inevitably would have an impact on the state treasury.

However, this disclaimer is not fatal to SIIS's claim of immunity. While a determination that a judgment necessarily would have an impact on the state treasury would lead ineluctably to the conclusion that SIIS is a state agency, the absence of such an impact does not necessarily preclude eleventh immunity. For example, we have held that the State Bar of Nevada is a state agency entitled to eleventh amendment immunity, despite the absence of any indication that a damages judgment against it would impact Nevada's treasury. *See O'Connor v. Nevada,* 686 F.2d 749, 750 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

In sum, the Nevada Supreme Court has ruled that SIIS is a state agency as a matter of state law, our independent consideration of the relevant factors points to the same conclusion as a matter of federal law, and there are indications that a monetary judgment against SIIS could impact the state treasury of Nevada. We therefore hold that SIIS is a state agency entitled to immunity under the eleventh amendment.[1]

## II. LEWIS

Since Austin sues Lewis only in his official capacity as general manager of SIIS, his claim against Lewis effectively is directed at SIIS itself. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Lewis therefore enjoys the same eleventh amendment immunity that protects SIIS. *Id.* at 167, 105 S.Ct. at 3105–06; *Jackson,* 682 F.2d at 1350. Admittedly, a suit against Lewis in his personal capacity would avoid the obstacle posed by the eleventh amendment, *Graham,* 473 U.S. at 166–67, 105 S.Ct. at 3105–06, but Austin's complaint makes no allegations about Lewis. Austin's suit focuses on SIIS's enforcement of Nevada law. Specifically, he alleges that SIIS violated his fifth and fourteenth amendment rights by, first, appropriating funds from

---

1. Austin places much emphasis on the power of SIIS to sue and be sued in its own name. *See* Nev.Rev.Stat. § 616.1725(3). Although this factor is relevant to the inquiry, it is overwhelmed by our deference to the Nevada Supreme Court's determination in *Northern Nevada* that SIIS is a state agency and other substantial factors that weigh in favor of that finding.

his advance premium account to cover the premiums that Nevada law required Austin to pay on his own imputed wages, and, second, ordering him to cease his business operations for failure to maintain his workers' compensation insurance. None of the allegations describes, or even mentions, any role Lewis might have played in these actions. Indeed, the complaint contains no allegations whatsoever about any actions taken by Lewis. The district court correctly construed Austin's claim against Lewis as one against him in his official capacity, and properly dismissed Austin's complaint as barred by the eleventh amendment.[2]

## CONCLUSION

The district court's dismissal is AFFIRMED.

---

**2.** We note that the eleventh amendment does not bar actions for declaratory or injunctive relief brought against state officials in their official capacity. *See Southern Pacific Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 508 (9th Cir.1990). In the present suit, however, Austin seeks only damages.