972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David RODRIGUES, Plaintiff-Appellant,
v.
STATE OF NEVADA INDUSTRIAL INSURANCE SYSTEM, Defendant-Appellee.
 No. 91-16447.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Rodrigues appeals pro se the district court's grant of the Nevada State Industrial Insurance System's ("SIIS") motion to quash his complaint for defective service of process. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Federal Rules of Civil Procedure 4(d)(6) requires that service of process upon a state or governmental organization be effectuated (1) "by delivering a copy of the summons and of the complaint to the chief executive officer thereof ... or [ (2) ] by serving the summons and complaint in the manner prescribed by the law of that state for the service of the summons or other like process upon any such defendant." Fed.R.Civ.P. 4(d)(6).
 
 
 4
 Here, SIIS is a state agency. Northern Nevada Assoc. of Injured Workers v. SIIS, 807 P.2d 728, 731 (Nev.1991); see also Austin Roofing v. SIIS, 741 F.Supp. 1466 (D.Nev.1990), aff'd, 930 F.2d 26 (9th Cir.1991) (unpublished memorandum). Accordingly, proper service can only be accomplished as outlined in Rule 4(d)(6). See Jackson v. Hayakawa, 682 F.2d 1344, 1346 (9th Cir.1982). Moreover, actual notice of the action is not sufficient. Id. Thus, in order to properly serve SIIS, Rodrigues was required to either deliver the summons and the complaint to "chief executive officer" of the SIIS[1] or, under the Nevada statute, serve the summons and the complaint on the secretary of the state of Nevada. See Fed.R.Civ.P. 4(d)(6); Nev.Rev.Stat. 41.031(2). Rodrigues, however, attempted to serve SIIS via mail sent to its office in Carson City. This service was deficient, and thus the district court did not err in granting SIIS's motion to quash.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to Nev.Rev.Stat. 616.1713(2) the general manager of SIIS is the chief executive officer