972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David William PEABODY, Plaintiff-Appellant,
v.
STATE OF ARIZONA, Defendant-Appellee.
 No. 92-15027.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 26, 1992.
 
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and VON DER HEYDT,** Senior District Judge.
 MEMORANDUM***
 Peabody brought a tort action in the Superior Court of Arizona, but the court granted summary judgment against him. He then sued the State of Arizona in federal district court, claiming that he had suffered a substantial deprivation of rights by being denied access to the courts. The district court dismissed the suit, concluding that it lacked jurisdiction to hear Peabody's action, which essentially would have required it to review the merits of the Arizona court's decision. Alternatively, the district court held that the Eleventh Amendment barred Peabody's suit. (C.R. 21, p. 2). We review de novo. See, e.g., J.L. v. Social Security Admin., No. 91-55267, slip. op. 8523, 8530 (9th Cir. July 15, 1992).
 
 Discussion
 
 1
 Peabody correctly identifies the statutes that would have vested the district court with jurisdiction to hear his claim: 28 U.S.C. §§ 1331 and 1343. But these statutes do not, by themselves, create a cause of action:
 
 
 2
 [W]hen federal jurisdiction is based on the existence of a federal question, the jurisdictional allegation must state under which particular statute the action arises, and the body of the complaint must set forth facts showing that the case does in fact arise under federal law. A general allegation of a federal question will not suffice if it is not supported by matters constituting the claim for relief as set forth in the complaint.
 
 
 3
 Reid v. Hughes, 578 F.2d 634, 637 (5th Cir.1978). To establish federal question jurisdiction, Peabody must state a claim under a federal statute or under the Constitution. He hasn't.
 
 
 4
 Peabody first sues the state of Arizona under 42 U.S.C. § 1983, which affords relief against every person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. However, a state is not a person within the meaning of that statute. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1988) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); see also Austin v. State Indus. Ins. System, 939 F.2d 676, 678-79 (9th Cir.1991); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir.1991); Price v. Akaka, 928 F.2d 824, 828 (9th Cir.1990) (following Will ).
 
 
 5
 Peabody's other claims for statutory relief are similarly unavailing. He fails to state a claim under 42 U.S.C. § 1981 because that statute "protect[s] a limited category of rights, specifically defined in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 791 (1965) (emphasis added). Peabody, who is white, alleges no discrimination based on his race. His Declaratory Judgment Act claim also fails because 28 U.S.C. § 2201 "does not provide an independent jurisdictional basis for suits in federal court. It only permits the district court to adopt a specific remedy when jurisdiction exists." Fiedler v. Clark, 714 F.2d 77, 79 (9th Cir.1983) (citations omitted). Because Peabody failed to state a claim under any federal statute, the district court had no jurisdiction to grant declaratory relief.
 
 
 6
 Appellant's attempt to state constitutional claims based on the Arizona state court's adverse rulings also fails. No cause of action against the state of Arizona arises under the Due Process clause of the Fifth Amendment, which acts as a limitation upon Congress, not the States. The First Amendment Petition and Fourteenth Amendment Due Process clauses do indeed apply to the State of Arizona, but Peabody has failed to state a claim under either of them. He cites no cases--nor are we aware of any--which permit a plaintiff to relitigate his state law action in federal court by recasting his complaint as a federal constitutional claim against the state court for its adverse rulings in the prior action. Indeed, to permit such a claim would violate the axiom that district courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1982).
 
 
 7
 Although plaintiffs may mount a facial challenge in federal court to a state statute which effects a deprivation of federal rights, see Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986), Peabody objects to nothing more than the Arizona district court's decision on the merits of his claim. Because "[t]he district court could not evaluate the plaintiff[']s constitutional claims without conducting a review of the state court's legal determinations," and "would be required to review the state court's decision regarding application of the plaintiff's federal constitutional theories to the particular factual circumstances of this case," jurisdiction is lacking. Id. at 892-93; see also MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987) (dismissing suit for declaratory and injunctive relief from state court judgment due to lack of subject matter jurisdiction). Federal district courts do not have appellate jurisdiction over state court judgments. Appeal through the state courts and petition for certiorari to the Supreme Court is the appropriate avenue. See 28 U.S.C. § 1257.
 
 Conclusion
 
 8
 "A litigant's pro se status does not preclude imposition of sanctions." Lyons v. Sheetz, 834 F.2d 493, 496 (5th Cir.1987). We have discretion to impose sanctions for frivolous appeals--those relying on legal points not arguable on the merits. As in Ryan v. Bilby, 764 F.2d 1325, 1328-29 (9th Cir.1985), we find appellant's "contentions on appeal utterly without merit," and award double costs to the State of Arizona. The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James A. von der Heydt, Senior U.S. District Judge, District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3