19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The AQUARIAN FOUNDATION, a Washington not-for-profit
corporation; and Reverend Keith Milton Rhinehart,
a single person, Plaintiffs-Appellants,
v.
The STATE OF WASHINGTON, Defendant-Appellee.
 No. 91-36278.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1993.
Decided Feb. 15, 1994.
 
 1
 Before: BEEZER, HALL, Circuit Judges, and ARMSTRONG,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Aquarian Foundation (Aquarian) and Keith Milton Rhinehart appeal from the district court's dismissal of their 42 U.S.C. Sec. 1983 suit against the State of Washington and the court's award of $2,380 in attorneys fees pursuant to 42 U.S.C. Sec. 1988 and Fed.R.Civ.P. 11. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * The principle that the Eleventh Amendment bars suits against a state by its own citizens "has been among the most stable in our constitutional jurisprudence." Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 486 (1987); see also Papasan v. Allain, 478 U.S. 265, 276 (1986) (holding that Eleventh Amendment prevents suits in federal court against states absent consent to be sued).
 
 
 5
 Although 42 U.S.C. Sec. 1983 provides a federal forum to remedy violations of civil rights, "it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); see also Quern v. Jordan, 440 U.S. 332, 341 (1979) (holding that in passing Sec. 1983, Congress did not abrogate state's Eleventh Amendment immunity).
 
 
 6
 Aquarian's attempt to distinguish Will on the ground that Will deals only with the interpretation of "person" in Sec. 1983 is unavailing. Will' § conclusion that a state is not a "person" within the meaning of Sec. 1983 bars Aquarian's claims. Will, 491 U.S. at 71. Will specifically addresses the Eleventh Amendment issue, noting that "Congress, in passing Sec. 1983, had no intention to disturb the States' Eleventh Amendment immunity." Id. at 66.
 
 
 7
 Aquarian further argues that Will is simply wrong. The Supreme Court's decisions are, however, unambiguous: a citizen may not sue his or her own state without that state's consent. We have also consistently held that the Eleventh Amendment bars claims against a state under Sec. 1983. See Conner v. Sakai, 994 F.2d 1408, 1410 (9th Cir.1993) (Eleventh Amendment bars inmate's suit against state); Hale v. Arizona, 993 F.2d 1387, 1391 (9th Cir.1993) (en banc) (Congress must make abrogation of state's Eleventh Amendment immunity unmistakably clear); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir.1991) (states are immune from suits brought by their own citizens).
 
 
 8
 We hold that the Eleventh Amendment bars Aquarian's and Rhinehart's suit against the State of Washington.
 
 II
 
 9
 Aquarian also argues that jurisdiction may be founded directly on the Fourteenth Amendment. Aquarian's complaint cites Sec. 1983 as the sole jurisdictional basis for its lawsuit. Aquarian raised the Fourteenth Amendment as a basis for jurisdiction only in its response opposing the State's motion to dismiss. No formal motion to amend was ever filed.
 
 
 10
 To the extent this issue was raised below, we note that the substantive provisions of the Fourteenth Amendment provide no clear statement of abrogation of Eleventh Amendment immunity. Quern, 440 U.S. at 342. We hold that the Fourteenth Amendment does not provide an independent jurisdictional basis for Aquarian's suit.
 
 III
 
 11
 The district court awarded the State $2,380 in costs and attorneys fees. We review the district court's award of fees for abuse of discretion. Price v. Hawaii, 939 F.2d 702, 706 (9th Cir.1991).
 
 
 12
 Aquarian argues that an action cannot be deemed frivolous if the underlying argument is supported by some amount of case law, or is based upon the plain meaning of a constitutional provision. Aquarian has failed to cite any authority to support the result sought in this case. Aquarian's "plain meaning" argument has been consistently rejected for over a hundred years. We are unpersuaded that the issue of Eleventh Amendment immunity is in any way unsettled.
 
 
 13
 The district court did not abuse its discretion in awarding attorneys fees and costs against Aquarian and Rhinehart.
 
 IV
 
 14
 The State requests sanctions be imposed against Appellants for bringing a frivolous appeal. We have discretion to impose damages as a sanction. Fed.R.App.P. 38; 28 U.S.C. Secs. 1912.
 
 
 15
 "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). We and the Supreme Court have consistently rejected each of Appellants' arguments. We agree with the State that this appeal is frivolous. We therefore award the State damages of $1,000 as a sanction against Appellants, jointly and severally.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3