56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William Orr SWAN; Kathleen Swan, Plaintiffs-Appellants,
v.
David COCHRAN, Compensation Adjudicator III, Crime Victims
Compensation Program, Department of Labor and
Industries of the State of Washington,
Defendant-Appellee.
 No. 94-36111.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Orr Swan and Kathleen Swan appeal pro from the district court's order of dismissal. On appeal, they contend that the district court erred by dismissing their claims against defendant David Cochran, a Washington state official: (1) in his official capacity and under the federal mail fraud statute, 18 U.S.C. Sec. 1341, for failure to state a claim; and (2) in his private capacity on the ground of qualified immunity. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review a dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) de novo. Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). We also review de novo the district court's decision regarding qualified immunity. Maraziti v. First Interstate Bank of Cal., 953 F.2d 520, 522-23 (9th Cir. 1992), subsequent appeal sub. nom. Maraziti v. Thorpe, No. 93-56632, 1995 U.S. App. LEXIS 7933 (9th Cir. Apr. 11, 1995).
 
 Official Capacity Claims
 
 4
 The Eleventh Amendment bars actions for money damages against the state, its agencies, or state officials acting in their official capacity. See, e.g., Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677-79 (9th Cir. 1991); Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988). Moreover, absent waiver, states are immune from suits brought under 42 U.S.C. Sec. 1983 in federal court. Quern v. Jordan, 440 U.S. 332, 338 (1979); Austin, 939 F.2d at 677.
 
 
 5
 Here, because Washington has not waived its immunity, McConnell v. Critchlow, 661 F.2d 116, 117 (9th Cir. 1981), to the extent that the Swans' suit sought money damages against Cochran, a Washington state official, in his official capacity for acts committed while in his official capacity, their suit was barred by the Eleventh Amendment. See Quern, 440 U.S. at 338. Accordingly, the district court properly dismissed such claims.
 
 The Federal Mail Fraud Statute
 
 6
 Statutes which provide for punishment by fine or imprisonment do not create privately enforceable rights, give rise to civil liability, or provide a basis for civil suit under the Civil Rights Act, 42 U.S.C. Sec. 1981, et seq. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, the district court properly dismissed the Swans' claims brought under the federal mail fraud statute, 18 U.S.C. Sec. 1341.
 
 Private Capacity Claims
 
 7
 "Qualified immunity protects government officials performing discretionary functions from liability for civil damages, unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993). "The plaintiff in a section 1983 action bears the burden of proving that the right allegedly violated was clearly established at the time of the official's allegedly impermissible conduct." Id.
 
 
 8
 Here, the Swans' failed to demonstrate that Cochran's use of an alias or inversion of two digits in the claim number in the heading of a letter to the Swans violated a clearly established right under the Sixth and Fourteenth Amendments. Accordingly, the district court properly dismissed the Swans' claims against Cochran in his personal capacity on the ground of qualified immunity. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3