89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry CUMMINGS, Plaintiff-Appellant,
v.
Richard A. VERNON, Director; Idaho Department of
Corrections; State of Idaho, Defendants-Appellees.
 No. 95-35460.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1996.*
Decided April 29, 1996.
 
 Before: WRIGHT, PREGERSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following his termination from the Idaho Department of Corrections (IDOC), Cummings brought a section 1983 action for violation of due process, and state law claims for breach of contract and breach of the covenant of good faith and fair dealing. He sued the State of Idaho, the IDOC and Vernon, the Director of the IDOC.
 
 
 3
 The district court granted summary judgment for the state and the IDOC based on Eleventh Amendment immunity, and for Vernon on the merits. We conclude that the Eleventh Amendment barred the district court's review of all claims.
 
 
 4
 The Eleventh Amendment prohibits federal court actions against a state. Edelman v. Jordan, 415 U.S. 651, 676-77 (1974). It also bars suits against state agencies and persons where it is clear that the action seeks to recover money from the state treasury. Kentucky v. Graham, 473 U.S. 159, 169 (1985); Austin v. State Industrial Ins., 939 F.2d 676, 679 (9th Cir.1991). Although a state may waive its immunity, Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985), Idaho has not consented to be sued on section 1983 claims, see Arnzen v. State, 854 P.2d 242, 246 (Idaho 1993), or state contract claims in federal court.[1] The Eleventh Amendment bars Cummings' claims against the State of Idaho and the IDOC.
 
 
 5
 We must assume that Cummings sued Vernon only in his official capacity and that his claims against him are therefore barred by the Eleventh Amendment. See Graham, 473 U.S. at 169. Although actions to obtain civil damages from the personal estates of state officials are permissible, Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir.1988), where they are "neither named in their individual capacity nor personally served" the suit is barred by the Eleventh Amendment. Production & Leasing, Ltd. v. Hotel Conquistador, Inc., 709 F.2d 21, 22 (9th Cir.1983). Cummings did not name Vernon individually in the complaint and never personally served him with a copy of the summons and complaint.
 
 
 6
 Because the Eleventh Amendment bars Cummings' claims in federal court, we do not reach the merits. We AFFIRM the district court's grant of summary judgment to the State of Idaho and the IDOC. We VACATE the order granting summary judgment to Vernon on the merits and REMAND with orders to dismiss without prejudice.
 
 
 7
 The parties will bear their own costs on this appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A waiver of Eleventh Amendment immunity must be explicit and "must specify the state's intention to subject itself to suit in federal court. " Atascadero, 473 U.S. at 241 (emphasis in original); see also Coeur d'Alene Tribe of Idaho v. Idaho, 42 F.3d 1244, 1249 (9th Cir.1994) ("We will not infer a waiver of Eleventh Amendment immunity based on a state court holding that no sovereign immunity bars its own jurisdiction."). Although Idaho has consented to be sued for breach of contract in state court, see Grant Constr. Co. v. Burns, 443 P.2d 1005, 1010 (Idaho 1968) ("where the state has entered into a contract pursuant to legislation authorization, the state has consented to be sued for all breaches of its contractual responsibilities and cannot invoke the protections of sovereign immunity."), it has not relinquished its Eleventh Amendment protection in federal court